## Wooster vs. The Sugar River Valley Railroad Company.

*March 13 — April 4, 1883.*

RAILROADS: *Appeal from award on taking of land. (1-3) Practice. (4, 5) Evidence.*

1. An appeal from the award of commissioners of appraisal on the taking of lands by a railroad company opens the whole case as between the parties to the appeal.

2. Such commissioners having apportioned the amount of their award between the owner of the land taken and a mortgagee thereof, on an appeal by the owner the railroad company failed to make any proof of the mortgagee's interest in the land. *Held*, that a judgment in favor of the owner, making no provision for the payment to the mortgagee of any part of the sum awarded by the verdict, was not erroneous.

3. In such case the railroad company might pay the amount of the judgment into court, and apply for an order that the sum awarded to the mortgagee by the commissioners be paid to him from such deposit.

4. Upon the trial of an appeal from an award the owner of the land taken was asked how much, in his opinion, the railroad had depreciated the value of his farm as a whole. *Held*, that the question referred to the farm as owned by him at the time of the trial, exclusive of the land taken, and was proper.

5. On such trial it was proper to permit a witness for the railroad company, who had given his opinion of the effect of the railroad on the market value of the plaintiff's land, to be cross-examined as to the effect upon such value of the probability or possibility that horses might be frightened or fire communicated by passing locomotives and trains.

APPEAL from the Circuit Court for *Green* County.

The defendant company located its line of railroad across lands of the plaintiff, and on its petition commissioners were duly appointed to appraise the damages resulting therefrom. The petition states that the plaintiff is the owner of the land, and that one E. Bowen has, or claims to have, a mortgage thereon. The commissioners assessed the value of the land taken at $65, and the damages by the reason of the taking thereof at $50. They then apportioned the same between the plaintiff and Bowen, awarding to the former $35.52, and to the latter $79.48. The plaintiff appealed from the award, and upon a trial of the appeal in the circuit court the jury assessed the value of the land taken at $80.50, and the depreciation in the value of the balance of plaintiff's farm, by reason of the railroad being located through it, at $700. A motion for a new trial was denied, and judgment was entered for the plaintiff pursuant to the verdict. The defendant — the railroad company — appeals from the judgment. The case, so far as necessary to an understanding of the errors assigned, is further stated in the opinion.

*A. A. Jackson*, for the appellant, contended, *inter alia*, that it was error to ask the plaintiff how much *in his opinion* the railroad had depreciated the value of his farm. 1 Sutherland on Dam., 794; *Farrand v. C. & N. W. Railway Co.*, 21 Wis., 437; *Eaton v. Woolley*, 28 id., 628; *Kelley v. Fond du Lac*, 31 id., 179; *Wood v. C., M. & St. P. Railway Co.*, 40 id., 582; 44 id., 495, 540; 53 id., 689; *Norman v. Wells*, 17 Wend., 136; *Morehouse v. Mathews*, 2 N. Y., 514; *Newton v. Fordham*, 7 Hun., 58; *A. & G. W. R. R. Co. v. Campbell*, 4 Ohio St., 582; *C. & P. R. R. Co. v. Ball*, 5 id., 568; *Evansville & C. R. R. Co. v. Fitzpatrick*, 10 Ind., 120. See, also, *Bissell v. Wert*, 35 Ind., 54; Pierce on Railroads, 209; *Lincoln v. R. R. Co.*, 23 Wend., 425; *Van Deusen v. Young*, 29 N. Y., 9, 26, 36; *T. & T. R. R. Co. v. Turnpike Co.*, 16 Barb., 100; *Giles v. O'Toole*, 4 id., 261;

*Harger v. Edmonds*, id., 256; *Fish v. Dodge*, 4 Denio, 311; *De Witt v. Barley*, 9 N. Y., 371; *Green v. Plank*, 48 id., 669; *Thompson v. Deckhart*, 66 Barb., 604. Danger from sparks and the liability of horses being frightened have always been regarded as speculative, and too remote and uncertain to authorize the assessment of damages for them. *Robbins v. M. & H. R. R. Co.*, 6 Wis., 636; *Stadler v. Milwaukee*, 34 id., 98; *Hutchinson v. C. & N. W. Railway Co.*, 37 id., 582, 610, 611; *S. C.*, 41 id., 541, 555; *Proprietors, etc., v. R. R. Co.*, 10 Cush., 385, 391.

For the respondent there was a brief by *Winans & Fethers*, and oral argument by *Mr. Fethers*.

LYON, J. The judgment makes no provision for the payment of any portion of the award to Bowen on account of his alleged mortgage. Upon this omission error is assigned. The appeal to the circuit court opened the whole case as between the parties to the appeal. The report of the commissioners was not evidence either that the plaintiff was the owner of the land, or that Bowen had a mortgage interest therein. On the trial in the circuit court the burden was upon the plaintiff to show that he owned the land sought to be condemned, and upon the defendant company to show that Bowen had a mortgage interest therein. The plaintiff proved his title, but the defendant failed to prove the alleged interest of Bowen. Thus far, therefore, it does not appear that any deduction should be made from the amount recovered by the plaintiff on account of the alleged mortgage of Bowen. Had the railroad company desired to litigate on the trial the question of Bowen's interest, it should have applied to the court to make him a party to the proceeding, or, at least, it should have shown that he had a then subsisting interest in the land, in which case (Bowen not having appealed) probably the court would have directed the sum awarded him by the commissioners to be paid to

him out of the amount recovered in the action. More than this, no good reason is perceived why the defendant may not pay the amount of the judgment into court, and apply to the court to order the sum awarded to Bowen to be paid to him; and why the court may not so order, if it shall be made to appear that Bowen has an interest in the land.

As the case stands, we think the above error is not well assigned. If Bowen is entitled to receive any part of the damages or compensation herein awarded, we think the railroad company will find no difficulty in obtaining authority to pay such part thereof to him without incurring any risk of being compelled to pay the amount twice.

The remaining errors are assigned upon the rulings of the court in the admission of testimony. The court put the following question to the plaintiff when on the stand as a witness in his own behalf: "How much in your opinion has it (the railroad) depreciated the value of your farm as a whole?" The plaintiff answered under objection. A special point is made against the competency of this question, to the effect that it does not exclude from the estimate of the witness the land actually taken by the company, which was appraised separately. We think the question refers to the plaintiff's farm after the land had been condemned, and therefore does exclude the land taken of which he had ceased to be owner. "Your farm as a whole" evidently means the farm owned by the plaintiff at the time of trial, and the land taken then constituted no part of it. If the counsel for the defendant feared that the scope of the question might be misapprehended by the jury, he should, then and there, have asked the court to limit it, or change its form to guard against any possible misunderstanding.

A witness, called on behalf of defendant, testified to his opinion of the effect of the railroad on the market value of plaintiff's land. The court permitted the witness to be cross-examined by plaintiff's counsel as to the effect upon such mar-

ket value of the probability or possibility that horses might be frightened or fire communicated by passing locomotives and trains. Both the above questions were admissible under the rule established by this court in *Snyder v. W. U. R. R. Co.*, 25 Wis., 60, and followed in *Hutchinson v. C. & N. W. Railway Co.*, 37 Wis., 582; *S. C.*, 41 Wis., 541. The grounds of the rule are fully stated in those cases, and no discussion of the rule is here required. It was argued that the jury were wrongly instructed. No exceptions were taken to the instructions, and hence we cannot review them on this appeal. We do not think this a proper case for the allowance of double costs, as claimed on behalf of plaintiff.

*By the Court.*— Judgment affirmed.