THE SOUTH PARK COMMISSIONERS

*v.*

SAMUEL E. TODD.

*Filed at Ottawa November 17, 1884.*

1. EMINENT DOMAIN—*disposition of condemnation money where the person entitled is a non-resident, or unknown.* Where the person entitled to receive the compensation awarded in a proceeding to condemn land for a public use, is not known, or is a non-resident, the money should be paid into the county treasury for the use of the owner or person entitled thereto, and if it is paid over to one not entitled to it, the courts will compel its payment again in favor of the rightful claimant. The commissioners awarding the compensation have no authority to determine to whom the money shall be paid.

2. SAME—*right to condemnation money as between the owner and his mortgagee.* Where the property of a mortgagor is condemned for public use, and the compensation to be paid is assessed, the mortgagee or holder of the mortgage debt will be entitled to be first paid out of it the amount due him, and the mortgagor the balance.

3. SAME—*estoppel to deny ownership of land taken.* Where park commissioners proceed to condemn land for park purposes, as the property of a person named as the owner in the petition, the commissioners will be estopped from afterwards disputing his title, in the absence of any adverse claimant of

the condemnation money, and more especially so when such alleged owner's title is not put in issue in the suit to recover such money.

4. PRACTICE—*time to object to want of proof of title in mortgagee, on foreclosure.* A mortgagor's deed misdescribed one of the parcels of land intended to be conveyed, and the same was condemned for public use by park commissioners, by its proper description. On bill to foreclose the mortgage, the commissioners impliedly admitted that the legal title was in the mortgagee, and a decree of foreclosure was entered: *Held,* that as the objection to want of proof of title in the mortgagee was not made in the court below, so as to afford an opportunity of showing the mistake, it was waived, and could not be urged on appeal or error.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. THOMAS A. MORAN, Judge, presiding.

Mr. JESSE B. BARTON, for the appellant:

The description of the property conveyed to Mrs. Pierce is, lots 1 and 2, block 1, and lot 1, block 2, while the mortgage describes the latter lot as lot 2, block 2, and hence the mortgagee had no title in either lot 1 or lot 2, in block 2. The award covered the lots first above named.

There is no evidence that the park authorities received any notice whatever of the mortgage before the payment of the award to Baker, only that Mr. Hurd states that on or soon after October 20, he took the bond and mortgage to Gage, and showed them to him, which does not seem to have been done at any board meeting, and notice to Gage, who was only an individual member of the board, clothed with no more authority than any other member, was not notice to the board. Paley on Agency, 266; Dillon on Mun. Corp. sec. 176, note 2.

Mr. ULLMAN STRONG, for the appellee:

The park commissioners could not lawfully occupy the premises condemned until the assessment of damages was paid to the rightful person. *Cook* v. *South Park Commissioners,* 61 Ill. 120; *People* v. *Williams,* 51 id. 63; *Railroad Co.* v. *Hopkins,* 90 id. 321; *Railroad Co.* v. *Teters,* 68 id. 144.

A decision by the commissioners on *ex parte* testimony, without notice, is not binding on the parties in interest. *Railroad Co.* v. *Prussing,* 96 Ill. 204; *Railroad Co.* v. *Laurie,* 63 id. 267.

Having no power to decide to whom to pay the award, the commissioners should have paid it into the county treasury.

Appellee was entitled to so much of the award as was due on his mortgage, whether appellant had notice of the mortgage or not. Jones on Mortgages, (3d ed.) secs. 681 a, 708, and note; *Colehour* v. *State Savings Institution,* 90 Ill. 152.

The objection that the ownership in Mrs. Pierce was not proved, comes too late, if that question is material; but appellant, having found the title in her, and described her as owner in the petition, is estopped from denying her ownership. *Railroad Co.* v. *Laurie,* 63 Ill. 264.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from a judgment of the Appellate Court for the First District, affirming a decree of the circuit court of Cook county, rendered in a foreclosure proceeding in favor of the appellee, Samuel E. Todd, and against the South Park Commissioners, the appellant, for the sum of $1670.

The facts, so far as essential to a decision of the legal questions involved, are, in substance, these: On the 17th of October, 1870, Mary R. Pierce, being the owner in fee of lots 1 and 2, block 1, and lot 2, block 2, in Dickinson's subdivision, in Cook county, conveyed the same, by way of mortgage, to secure a loan of money. The parties to the transaction were all non-residents. The mortgage, together with the evidence of the mortgage debt, was placed in the hands of Harvey B. Hurd, shortly after its execution, as the attorney for Todd. Hurd was also acting as agent of the lots for Mrs. Pierce, and was trying to sell them to pay off the mortgage indebtedness. During the same year, the South Park

Commissioners commenced proceedings under the Eminent Domain act, to condemn these lots, with others, for park purposes, Mrs. Pierce appearing at the time to be the owner of record, as she really was, subject to Todd's mortgage.    Prior to the commencement of these proceedings, Hurd, knowing the lots would be wanted by the park commissioners, applied to them and tried to dispose of them by private sale, but the commissioners declined to purchase them, on the ground the price asked by her (namely, $3000,) was too much.    The commissioners, however, told him that they would notify him when proceedings to condemn were instituted.    This they failed to do, and neither Hurd nor Mrs. Pierce had any actual knowledge of the proceedings to condemn until after the report of the commissioners was in.    It appears from the report, which was filed the 8th of October, 1870, that a claim to the condemnation money for these lots was interposed before the commissioners by Edward L. Baker, as assignee of A. G. Pierce & Co., and that the same was allowed by the commissioners and paid by the appellant.

The hearing upon this claim of Baker seems to have been purely an *ex parte* affair, and the evidence before us shows the claim itself was not well founded; but even if it had been, the commissioners had no authority to adjudicate upon a question of that kind.    Their duty was simply to assess the damages or amount of compensation the owner of the lot was entitled to, leaving the settlement of that question to some other tribunal.    Tested by the public record, the condemnation money *prima facie* belonged to Mrs. Pierce, the mortgage not having been put on record, although the weight of evidence shows the appellant had actual notice of its existence.    But under the law as it then stood, Mrs. Pierce, as well as Todd, being non-residents, the appellant should have paid the money into the county treasury for the use of the owner, whoever that might be, which, of course, as between Mrs. Pierce and Todd, belonged to the latter, to the extent

of the mortgage debt. This money having been paid over to Baker without authority of law, and in derogation of Todd's rights, the latter is not bound by it, and the circuit court properly held that appellant must pay it again.

The decree, however, is attacked on several grounds,— first, because, as is alleged, "there is no proof that appellee has, or had, any interest in lot 1, block 2, which the award covered." This objection is based upon the fact that it was developed on the trial that the lot in block 2 was improperly described in the deed through which Mrs. Pierce claims, as lot 1, block 2, when it should have been described as lot 2, block 2. Under the facts in this case the point is not tenable. The bill properly describes the lot. The answer, by implication, admits the legal title was in Mrs. Pierce, but denies she had any beneficial interest in it. Under the implied admission in the answer it may be questionable whether complainant was bound to make any other or further proof on that point; but be that as it may, upon the whole record we think it sufficiently appears that lot 2, block 2, (the property described in the bill,) is the same lot involved in the condemnation proceedings, and on account of which the award to Mrs. Pierce of $1547.92 was in part made, and as to the other lot there is no controversy. We do not think appellant, after having proceeded against this lot as the property of Mrs. Pierce, and taken possession of it as they did, ought to be now permitted to question the fact of the legal title being in her, in the absence of any adverse claimant. If it were permissible to question her title at all in the present proceeding, it should have been done in the circuit court, so as to have afforded an opportunity to obviate the objection. The point should there have been made that the deed in question did not properly describe the property. Had that been done, the complainant would have had an opportunity of offering other evidence of title, if he had any, and if he had not, he might, by supplemental bill, without any considerable

delay, have had the mistake in the deed, as it evidently was, corrected. It would have been but an act of simple justice and fair dealing to have called attention to the variance at the time, if there was any intention of relying upon it; and if purposely waived, then the party should be estopped from afterwards raising the question, especially in an appellate tribunal.

The second point made by appellant is, that there "was not sufficient proof of ownership in Mrs. Pierce." What we have already said is a sufficient answer to this objection, and need not be repeated.

The two other reasons assigned why the decree should have been reversed by the Appellate Court, are so clearly without force as to require no special notice.

The judgment will be affirmed.

*Judgment affirmed.*