Leander J. McCormick et al.

v.

The West Chicago Park Commissioners.

*Filed at Ottawa November 13, 1886.*

1. Eminent domain—*of the payment of the compensation.* Under the statute relating to Eminent Domain, the compensation awarded is required to be paid either to the person entitled to it, or to the county treasurer. It is error to direct its payment into court, to await further proceedings to determine who is entitled to it.

2. After final judgment of condemnation of land for park purposes, the commissioners filed their petition in the county court, in the nature of a bill of interpleader, in which that court directed the compensation which had been awarded to one of the parties, (which largely exceeded $1000,—the limit of the jurisdiction of the court in civil matters,) to be paid into that court, there to be held until it should determine a question of title to the land, and dispose of the fund according to its decision on that question: *Held,* that the court, in directing the money to be brought into court, instead of ordering its payment to the county treasurer, or to the parties entitled to it, exceeded its jurisdiction, and that its order in that regard was void.

3. Same—*of the jurisdiction of county court.* The county courts have no other jurisdiction in proceedings for the condemnation of private property for public use, than that conferred by the Eminent Domain act itself. They have no general chancery jurisdiction.

4. Appeal—*whether order appealed from is final.* After a judgment of condemnation of land for public use, awarding the payment of the compensation assessed, to a party, as the owner of the property sought to be taken, a subsequent order directing the payment of the condemnation money into court, to await its further order as to whom to be paid, is such a final order as may be reviewed on appeal or writ of error.

Writ of Error to the County Court of Cook county; the Hon. Richard Prendergast, Judge, presiding.

Messrs. John N. Jewett & Jewett Bros., for the plaintiffs in error, contended that the county court had no jurisdiction to make the order it did to pay the money into court, referring to the constitution of 1870, art. 6, sec. 18; Rev. Stat. chap. 37, secs. 93, 95.

That court has no jurisdiction to adjudicate in a civil suit when the amount in controversy exceeds $1000.

The law requires the condemnation money to be paid either to the person entitled thereto, or to the county treasurer. *Railroad Co.* v. *Prussing*, 96 Ill. 203; *South Park Comrs.* v. *Todd*, 112 id. 379.

Mr. J. D. Adair, for Lorin C. Collins and Patrick Flaherty:

The county court has ample jurisdiction to made the order in question. That court has, generally speaking, such jurisdiction as may be provided by general law. Const. art. 6, sec. 18.

Its jurisdiction in matters of eminent domain is conferred by the general law relating to that subject, and is concurrent with that of circuit courts. Starr & Curtis' Stat. 1885, chap. 47, sec. 18, p. 1042.

The county court has general jurisdiction of unlimited extent over a particular class of subjects, among these eminent domain, and when acting within that sphere its jurisdiction is as general as that of the circuit court. *Probst* v. *Meadows*, 13 Ill. 157; *Von Kettler* v. *Johnson*, 57 id. 109; *Housh* v. *People*, 66 id. 178; *Bostwick* v. *Skinner*, 80 id. 147; *Magill* v. *Brown*, 98 id. 235; *Barnett* v. *Wulff*, 70 id. 76; *Westbay* v. *Williams*, 5 Bradw. 521; *People* v. *Stacey*, 11 id. 506; *Morrow* v. *Weed*, 4 Iowa, 77; *Hanchett* v. *Waterbury*, 115 Ill. 220.

The provision of section 14, chapter 47, entitled "Eminent Domain," (Starr & Curtis' Stat. 1885, p. 1052,) that "payment of compensation adjudged may in all cases be made to the county treasurer," is directory, merely. *Schuyler County* v. *Mercer County*, 4 Gilm. 20; *Kane* v. *Footh*, 70 Ill. 587; *Fowler* v. *Pirkins*, 77 id. 271; *School District* v. *Sterricker*, 86 id. 595.

Where jurisdiction has once attached it continues necessarily, and all powers requisite to give it full and complete effect can be exercised until the end of the law shall have

been attained.   *People ex rel.* v. *Barr,* 22 Ill. 241; *Watson* v. *Reissig,* 24 id. 281; *Mason* v. *Thomas,* id. 285; *Worsham* v. *Richards,* 46 Texas, 441; *Jenkins* v. *Simms,* 45 Md. 533; *Berard* v. *Young,* 26 La. Ann. 598.

But even if the county court had no jurisdiction, the order entered in this proceeding is not one from which an appeal or writ of error will lie, it not being a final order.

It is merely an interlocutory order, and makes no disposition of the fund, which, upon hearing, may or may not be awarded to the plaintiffs in error; and until that stage of the proceeding is reached, it can not possibly be known that the rights of the plaintiffs in error have been in any manner prejudiced.   *Young* v. *Zinc Co.* 105 Ill. 26; *Railroad Co.* v. *Trust Co.* 70 id. 249; *Gage* v. *Eich,* 56 id. 297; *Woodside* v. *Woodside,* 21 id. 207.

The payment of the money into court is not an adjudication of the rights of either party to it, nor does it involve a finding by the court as to the ownership of the property condemned.   *Railroad Co.* v. *Prussing,* 96 Ill. 203.

Mr. WILLIAM E. MASON, for the defendants in error, on the question of jurisdiction, made reference to *Bostwick* v. *Skinner,* 80 Ill. 148; *Probst* v. *Meadows,* 13 id. 157; *Housh* v. *People,* 66 id. 178; *Von Kettler* v. *Johnson,* 57 id. 109; *Barnett* v. *Wulff,* 70 id. 76; *Magill* v. *Brown,* 98 id. 235; *People* v. *Stacey,* 11 Bradw. 506; *Westbury* v. *Williams,* 5 id. 521; *Hanchett* v. *Waterbury,* 115 Ill. 220; *Morrow* v. *Weed,* 4 Iowa, 77.

When a court has once obtained jurisdiction, that jurisdiction continues necessarily, and all powers requisite to give it full effect will be exercised until the end of the law shall be attained.   *Mason* v. *Thomas,* 34 Ill. 285; *People ex rel.* v. *Barr,* 22 id. 241; *Jenkins* v. *Simms,* 45 Md. 543.

It is claimed by the plaintiffs in error that the statutes direct the payment of the money to the county treasurer. That provision of the statute is purely directory, and not

42—118 ILL.

mandatory.   *Kane* v. *Footh,* 70 Ill. 587; *School District* v. *Sterricker,* 86 id. 595.

Mr. Justice Magruder delivered the opinion of the Court :

In May 1881, the West Chicago Park Commissioners filed a petition in the county court of Cook county to condemn certain land, owned by plaintiffs in error, in the south-west quarter of section 30, township 39 north, range 14 east, in Cook county, for the purpose of locating and establishing a boulevard, two hundred and fifty feet wide, running from the south end of Douglas Park to the Illinois and Michigan canal. On November 29, 1882, the jury returned a verdict, "that the owners and parties interested therein, being Cyrus H. McCormick, (who has since deceased, and whose executors are Nettie Fowler McCormick and Cyrus H. McCormick, Jr.,) Leander J. McCormick and Alpheus C. Badger, are entitled to the sum of $6657.60, the value of the land taken, in full compensation for the same." On the same day, to-wit: November 29, 1882, the court entered the following judgment:

"The court, having heard the motion of the petitioner herein, that judgment be entered upon the verdict hereinbefore rendered against the following described pieces or parcels of land, and being fully advised in the premises, doth thereupon order, adjudge and decree, that upon the petitioner, said West Chicago Park Commissioners, paying to the owner or owners, viz: Cyrus H. McCormick, Leander J. McCormick and Alpheus C. Badger, of" (here follows description of the property,) "the sum of $6657.60, with interest thereon at the rate of six per cent per annum from this date, the petitioner be let into the possession thereof."

The petition for condemnation was filed against many other owners besides the McCormicks, and the proceeding was entitled *West Chicago Park Commissioners* v. *Western Union Telegraph Co. et al.* On March 29, 1886, Patrick Flaherty and

Lorin C. Collins, Jr., filed therein a petition, setting up all the proceedings in the original case, including the verdict and judgment aforesaid; and alleging, that, when such proceedings were begun, Flaherty owned a portion of the premises, but was not made a party to the original petition, and had no notice thereof, or of any of the steps, taken thereunder; that, on September 29, 1883, he conveyed an undivided half of said premises to Collins; that the judgment and finding are invalid against the petitioners; that the park commissioners have not yet paid the amount of the finding, and have not yet taken possession of the premises, but that the money is in their hands, and that Flaherty is entitled to receive therefrom $2221.29, as compensation for the portion of the property taken, that was owned by him; that he accepts the finding and judgment thereon as to the value of the premises and no further; and praying, that a rule be entered against the McCormicks, and Badger, and one Day, to show cause, why $2221.29 in the hands of the commissioners should not be paid to the petitioners. The park commissioners answered, admitting the allegations of the petition, and that, since the judgment above set forth, the portion of the premises, claimed by Flaherty, had been decided by the Supreme Court to be his property, and asking that they be allowed to pay the money, due from them, into court, and be released from responsibility, and that the court direct the payment of the money. The McCormicks and Day moved to dismiss the petition, for a number of reasons, the main one being a want of jurisdiction in the court over the parties and the subject matter. These reasons, as one of the counsel states, "were deemed untenable."

On May 15, 1886, Flaherty and Collins filed therein an amended petition, making substantially the same allegations, as were made in their petition of March 29, 1886, except that they allege the death of Cyrus H. McCormick, and the appointment of his executors, and, also, the execution, some

time in 1885, of a deed by Leander J. McCormick and the said executors, conveying the property in question to Henry Day of New York. The prayer of this amended petition was, that the McCormicks and Day should be ruled to show, "whether they have any interest in said moneys, and that they and said commissioners show cause * * * why said $2221.19, with interest, should not be paid to petitioners, and, in case the money is paid into court, that said rule be discharged as to the commissioners."

On May 15, 1886, the park commissioners also filed, in said proceeding, what is called an intervening petition, entitled in the condemnation case of *West Chicago Park Commissioners* v. *Western Union Telegraph Co. et al.*, therein alleging, that they were the petitioners in the original proceeding, that the sum of about $6000 was awarded to C. H. and L. J. McCormick, which has not been paid, that Flaherty had filed his intervening petition therein, claiming to own part of the premises, and seeking his *pro rata* share of the judgment, that they have money enough to pay the judgment, that they do not wish to enter into the controversy between Flaherty and the McCormicks, but desire to stop the running of interest; and therein praying, that an order be entered, "directing the commissioners to pay, within ten days, into this (county) court, the money due in the condemnation proceedings, on account of property, described in the petition of Flaherty, said money to be held subject to the order and disposal of this (county) court."

On May 15, 1886, a hearing was had before the county court upon the said intervening petition of the park commissioners, who introduced in evidence, in support thereof, all the proceedings in the original condemnation case, and the petition and amended petition of Flaherty and Collins, and all the proceedings thereunder, to all of which, objections were made by attorneys of plaintiffs in error. The objections were overruled and exceptions taken.

Thereupon, on May 15, 1886, in the condemnation proceeding, entitled as above, and begun in May 1881, the county court entered the following order:

"It is hereby ordered, that the West Chicago Park Commissioners pay into court, within ten days from this date, the sum of money, found due in said condemnation proceedings for the property described herein, to-wit: the property, for which judgment was entered in the original case in favor of C. H. and L. J. McCormick, together with legal interest thereon up to the date of payment into this court, said money to be held subject to the order and disposition of this court. Whereupon the defendants McCormick duly except to this order of court."

The question, presented for our consideration, is: Did the county court have power to make the order, entered by it on May 15, 1886?

This order is in conflict with an express provision of the statute. The 10th section of the Eminent Domain act provides, that the court shall adjudge, that the petitioner enter upon the property taken and the use of the same, "upon payment of full compensation." The 14th section provides, that payment of the compensation, so adjudged, "may, in all cases, be made to the county treasurer, who, shall, on demand, pay the same to the party thereto entitled, taking receipt therefor, or payment may be made to the party entitled, his, her or their conservator or guardian." The law specifies only two ways, in which the compensation is to be paid. It must either be paid to the county treasurer, or directly to the party, entitled to it. The order under consideration, directs it to be paid into the county court,—an entirely different disposition of it from that, which is directed by the statute.

County courts have no general chancery jurisdiction. They have original jurisdiction in all matters of probate, etc., "and such other jurisdiction, as may be provided by general law." (Constitution, art. 6, sec. 18.) By general law, they have con-

current jurisdiction with the circuit courts in certain cases,' where the amount in controversy does not exceed $1000, etc.   (Rev. Stat. chap. 37, sec. 95.)   But they have no other jurisdiction in proceedings for the condemnation of private property for public use, than that which is conferred by the Eminent Domain act itself.   If, therefore, in the judgments, rendered by them in such proceedings, they undertake to specify, how compensation for property taken is to be paid, they can only direct such compensation to be paid into the county treasury, or directly to the parties entitled to it.   In the case at bar, the county court has assumed to entertain a petition in the nature of a bill of interpleader.   It has directed a fund, largely in excess of $1000, to be paid into its own hands, there to be held, until it shall determine a question of title to real estate, and dispose of the fund according to its decision upon that question.   In doing this, we think that it exceeded its jurisdiction, and that the order in question is void.   *South Park Commissioners* v. *Todd,* 112 Ill. 379; *Peoria, Pekin and Jacksonville Railroad Co.* v. *Laurie,* 63 id. 264; *St. Louis and Southeastern Ry. Co.* v. *Teters,* 68 id. 144; *Chicago and Iowa Railroad Co.* v. *Hopkins,* 90 id. 316; *Chicago and Western Indiana Railroad Co.* v. *Prussing,* 96 id. 203.

It is objected, that the order can not be reviewed by this court, because it is not final.   The objection, however, is not a valid one, under the circumstances of this case.   So long as the judgment, rendered in November 1882, was unreversed by appeal or writ of error, plaintiffs in error had a vested interest therein.   They had a right, thereunder, to have the money paid to themselves, whenever the commissioners should take possession of the land.   The order deprived them of this right, and directed the money to be paid elsewhere. (*Blake* v. *Blake,* 80 Ill. 523.)   Flaherty did not claim any more than $2221.29, yet the order directs the whole fund, both that which was in dispute, and that which was admitted to belong to plaintiffs in error, to be paid into the county

court. Plaintiffs in error had a right, under the law, to have their money paid into the county treasury, if it was not paid into their own hands. The order was a final deprivation of that right, in that it forced the payment of the money into the county court, there to be kept for an indefinite time. This order, moreover, is, in effect, a final judgment against the park commissioners, directing them to pay into court a certain amount of money, already found to be due from them.

The order of the county court, entered on May 15, 1886, is, accordingly, reversed.

*Order reversed.*