CASSIDY and wife, Appellants, vs. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY, Respondent.

*December 15, 1887 — January 10, 1888.*

*(1) Railroads: Taking of land: Remedy of owner.   (2) Pleading: Action for agreed price: Tender of title.*

1. Where a railroad company has taken possession of land peaceably and with the consent of the owner, and has constructed its track over the same, the owner cannot recover damages for such taking, but must proceed under sec. 1852, R. S., to have the land condemned.

2. In an action to recover the price agreed to be paid by a railroad company for land of which it has taken possession, if the complaint shows that the company has acquired no title, there must be a tender of title on payment of such price.

APPEAL from the Circuit Court for *Iowa* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This is an appeal from an order sustaining a demurrer to the complaint. The material parts of the complaint are the following:

"That the said Chicago & Tomah Railroad Company

surveyed, located, and established a proposed line of railway upon and through the lands of plaintiffs, a part of which was and is the homestead of plaintiffs, said land being described as the east half of the southwest quarter of section 3, in township 6 north, of range 3 east, in Iowa county, Wisconsin. That, for alleged depot purposes, said corporation surveyed and located upon said tract of land a strip 500 feet in length and 300 feet in width, which commenced near the south line of said tract and ran in a northeasterly direction the said 500 feet on said tract, and then continued on at the breadth of 100 feet entirely through said tract, embracing and passing over as it ran the homestead of plaintiffs; the said strip 100 feet wide being for alleged right of way. That the said Chicago & Tomah Railroad, by and through its agent, Wallis K. Cook, agreed with plaintiffs that said corporation should pay to plaintiffs the sum of $500 for the right of way and the use of land for depot purposes as aforesaid, or, instead of paying said sum, should erect a depot building on the south line of plaintiffs' said tract of land in such wise that one half of said depot building should be on plaintiffs' said tract of land, and one half on the adjoining tract. That the erection of said depot building as a station-house on plaintiffs' said tract was agreed to be equivalent to the sum of $500 in the increased value of the land adjoining the depot track for laying off into village lots.

Plaintiffs allege 'that, after said agreement was made, the said Cook prepared a deed which plaintiffs signed with the express condition that the same should not be recorded as a deed of plaintiffs until the said corporation should erect its depot building as a station-house upon the south line of their said land. That the land described in said deed did not embrace a small triangular piece of ground lying on the northwesterly side of the proposed road-bed where it intersects the south line of said tract of plaintiffs,

as surveyed and laid out by said corporation. That said Cook, after the plaintiffs had signed said deed, proposed to make an interlineation therein so as to make it read differently and embrace more than it did when plaintiffs signed it. That plaintiffs objected to any interlineation being made in said deed; but that said Cook, in opposition to plaintiffs' objection, interlined certain words in said deed, changing the effect and meaning of said deed, and plaintiff *Henry Cassidy* then declared to said Cook that the deed was not his act and deed, and forbid the recording of it or the use of it for any purpose. And plaintiffs allege that said Cook, for the purpose of defrauding plaintiffs out of the lands described in said deed, procured it to be recorded without said corporation paying anything for the land therein described, and without erecting a depot building on the south line of plaintiffs' land.

And plaintiffs allege that the defendant, *The Chicago & Northwestern Railway Company*, well knowing the premises, took possession of said strip of land 500 feet by 300 feet, and also the strip of land extending therefrom in a northeasterly direction 100 feet wide through plaintiffs' said land and through plaintiffs' said homestead, in the year 1883, and also took possession of another piece or parcel of land, not described in the deed signed by plaintiffs running to the Chicago & Tomah Railroad Company, of a triangular shape, and lying north and west of the point where the road-bed of the defendant's said road enters the south line of the plaintiffs' said tract of land, as above described, where said road is running in a northeasterly direction, and has continued in the possession of the same ever since and never paid anything therefor, and has never erected a depot station building on plaintiffs' said land, but has and occupies a depot building away off from plaintiffs' land. And plaintiffs allege that the defendant claims the right to use, occupy, possess, and own said strip of land without paying

anything therefor, and under such claim has appropriated the same to its own use. And plaintiffs allege that they have never been paid any sum whatever for said land so taken, by any corporation interested therein or by any person, and that no depot building has ever been erected on plaintiffs' land as agreed. And plaintiffs allege that the damage to plaintiffs for taking and using such land is $1,000.

"And plaintiffs allege that the defendant's principal and general office is in Chicago, Illinois, as they are informed and believe. And plaintiffs allege that the recording of said deed by said Cook was and is a fraud, and plaintiffs are not bound thereby. And plaintiffs allege that the value of the land taken and appropriated to its own use by the defendant is $1,000. And although the defendant has often been requested to pay plaintiffs for said land, defendant has wholly neglected and refused to do so.

"Wherefore the plaintiffs demand the judgment of this court that they do have and recover of and from the defendant the sum of one thousand dollars and their costs."

The fourth, fifth, and sixth paragraphs of the complaint simply show that the defendant company is the successor of the Chicago & Tomah Railroad Company, and has assumed all the liabilities incurred by said company.

The ground of the demurrer is that the complaint does not state facts sufficient to constitute a cause of action.

*M. M. Cothren,* for the appellants.

For the respondent there was a brief by *Jenkins, Winkler & Smith,* and oral argument by *Mr. Jenkins.*

TAYLOR, J. We think the demurrer was properly sustained, for the reasons stated by the learned circuit judge. (1) If the complaint be construed to be an action to recover damages of the railway company for wrongfully entering into and holding the possession of the lands of the plaintiffs

without making compensation therefor, then the action cannot be sustained for the reason that it appears from the complaint that the company took peaceable possession of said land about three years before the commencement of this action, and have constructed their railroad on and over the same; and the complaint does not allege that such taking was wrongful or against the consent of the plaintiffs. Under these circumstances, and leaving out of consideration the fact of the making a deed of at least part of the lands to the railway company, and treating the case as though no deed had ever been made, then the plaintiffs' only remedy is by taking proceedings under sec. 1852, R. S., to recover compensation for the lands so taken. This is well settled by the decisions of this court. See *Sherman v. M., L. S. & W. R. Co.* 40 Wis. 645, 651; *Bohlman v. G. B. & L. P. R. Co.* 30 Wis. 105, 108; *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403, 419; *S. C.* 60 Wis. 264; *Hanlin v. C. & N. W. R. Co.* 61 Wis. 515, 521, 522; *Mil. & N. R. Co. v. Strange,* 63 Wis. 178; *Taylor v. C., M. & St. P. R. Co.* 63 Wis. 327. These cases very clearly show that the complaint does not state facts sufficient to constitute a cause of action to recover damages for the wrongful taking and holding possession of the lands of the plaintiff.

The learned counsel for the appellant upon the hearing of this appeal claims that the action is an action upon contract to recover the price agreed to be paid by the company for the land they have taken possession of, and not an action of tort to recover damages for a wrongful entry and possession by the defendants, so that we need not further discuss that question.

There are two objections to a recovery upon such alleged contract. The first objection is that the plaintiff does not tender or offer to make a deed for the land upon the payment of the alleged purchase price. And the facts alleged in the complaint, which must be taken as true upon demur-

rer, show that the railway company has never acquired any title to the land in question. If the plaintiff is satisfied to ratify the deed mentioned in the complaint made to the railway company, notwithstanding it was wrongfully altered and delivered by the agent of the company, he should have alleged his willingness to do so, or at least have omitted to allege facts which show that the deed was void and conveyed no title to the company. He cannot avoid the deed by his allegations, and still claim the consideration for which it was intended to be given. Having alleged facts which show that the railway company has no title to the lands in controversy, he cannot recover upon a parol agreement by the company to pay $500 for the same, without offering to convey the land to said company.

*By the Court.*— The order of the circuit court is affirmed, and the cause is remanded for further proceedings.