Taylor, Respondent, vs. The Chicago, Milwaukee & St. Paul Railway Company, Appellant.

*December 16, 1891 — January 12, 1892.*

*Railroads: Condemnation of land: Petition by land-owner: Denial of title: Order for payment of commissioners' fees, pending an appeal from their award.*

In proceedings to condemn land taken by a railway company, instituted by one claiming to be the owner of the land, the company denied the petitioner's title. The court determined that the petitioner had title, and appointed commissioners of appraisal, who awarded compensation to him. The company appealed from such award. Afterwards the court ordered the company to pay forthwith the fees of the commissioners. *Held* proper, under secs. 1848, 1852, R. S., notwithstanding the pendency of said appeal and the denial of the petitioner's title. Winslow, J., dissents.

APPEALS from the Circuit Court for *Milwaukee* County.

On December 17, 1890, the plaintiff filed his verified petition in the circuit court of Milwaukee county, in which he alleged, among other things, in effect, that he was the owner in fee of lots 4 and 5, in block 32, in the Second ward of Milwaukee, fronting on the east side of Commerce street; that the western boundaries of said lots extended west, respectively, to the center of said street and east to the Milwaukee river; that in 1885 the defendant company unlawfully laid upon a portion of said lot 4 its railway track along and across said street, and entered upon and dug up and removed soil therefrom, and unlawfully appropriated the same to its own use, without the consent or authority of the plaintiff, and operated its road thereon, and had been in possession thereof ever since; that said company had acquired no title to said land or any part thereof, or any right thereto, and had delayed and omitted to condemn the same or have the damages thereto appraised. The prayer of the petition was that commissioners be appointed to appraise such damages to the plaintiff, and that the costs and expenses of said appraisal and of all proceedings thereunder be charged against said company.

On December 17, 1890, the said court ordered that said petition be heard before said court December 27, 1890, or as soon thereafter as counsel could be heard, and that a copy of the order and petition be served upon the defendant. Such service was made December 18, 1890. On January 3, 1891, the defendant company offered to allow judgment to be taken for $100 damages, with the costs incurred by the petitioner to that date. On the same day the defendant served its verified answer to said petition, and, among other things, therein denied any knowledge or information thereof sufficient to form a belief as to whether the plaintiff was the owner in fee simple of said lots.

Upon the hearing of said matter on said last-mentioned day, the court, among other things, found that no sufficient cause had been shown by said company why the prayer of said petition should not be granted, and ordered that said prayer be granted. And it was therein further ordered and adjudged by the court that the track of the company laid in said Commerce street in the front of said petitioner's lots was so laid in 1885, and was laid across and upon the northwest corner of that portion of lot 4 extending to the center of said street, and that since that time the said company had used the same in operating its railway, and was liable to the petitioner for the damages sustained thereby to his said lands; that, the company having neglected and omitted to apply for the appointment of such commissioners, the petitioner had lawful right to file said petition and institute proceedings therein for that purpose; and that three disinterested and competent freeholders and residents of said county be, and they were thereby, severally appointed such commissioners, with the usual powers in such cases, on taking the requisite oath, and their first meeting fixed for January 10, 1891.

On January 5, 1891, said commissioners took the requisite oath, and February 3, 1891, a majority of them made and filed their report, awarding to the plaintiff $3,501. On February 10, 1891, the defendant company appealed from said award of said commissioners to said circuit court. On May 18, 1891, the court made an order vacating an order fixing and directing payment of commissioners' fees, and in lieu thereof it was ordered by the court that the defendant company forthwith pay to the plaintiff the sum of $180 as and for the fees of said commissioners therein, which was thereby fixed as the compensation to be paid to them,— that is to say, the sum of $60 each; and it was therein further ordered that the fixing of the other costs of the plaintiff in this matter, including compensation due to the plaint-

iff's attorney herein, be deferred without prejudice until a further order of the court. From that order the defendant appeals to this court.

On June 6, 1891, the defendant company obtained an order that the petitioner show cause on June 13, 1891, why the order of May 18, 1891, should not be modified by making said commissioners' fees therein fixed payable on the determination in favor of the petitioner of the appeal taken from the award of said commissioners, and why said order should not be amended by referring therein to the records, petitions, affidavits, and papers read or used by the parties upon the application for said order. That order to show cause was based upon an affidavit and papers to the effect that the petitioner was not the owner of that portion of said lots occupied by said street and said company. Upon the hearing of that motion it was ordered that said application to modify said order of May 18, 1891, be, and the same was thereby, denied and overruled, with costs. From that order the defendant also appeals to this court.

For the appellant there were briefs by *John T. Fish*, attorney, and *C. H. Van Alstine*, of counsel, and oral argument by *Mr. Van Alstine*. They contended, *inter alia*, that the appeal from the award of the commissioners opened the case as to the title of the petitioner. *Robbins v. M. & H. R. Co.* 6 Wis. 636; *Diedrich v. N. W. U. R. Co.* 42 id. 248; *Wooster v. S. R. V. R. Co.* 57 id. 311; *Washburn v. M. & L. W. R. Co.* 59 id. 383; *Uniacke v. C., M. & St. P. R. Co.* 67 id. 108. Until the question of title is determined it would be most unjust to allow the petitioner to recover costs. If, therefore, it is proper to provide for the payment of costs by order, the order of May 18th was prematurely made. But the only proper practice is to add the costs to the damages if the petitioner recovers, and enter a judgment for the whole amount, as his just compensation. *Turley v. Logan Co.* 17 Ill. 151; *Carroll v. Hardy*, 21 Mo. 66,.

Taylor vs. The Chicago, Milwaukee & St. Paul R. Co.

69; *Supervisors of Onondaga v. Briggs,* 3 Denio, 174; *Warfield v. Watkins,* 30 Barb. 395, 401.

*N. S. Murphey,* for the respondent.

CASSODAY, J.    Where the petition for the condemnation of land is filed by the railway company, it must, among other things, describe the land sought to be taken, and state the names of the owners, occupants, and parties interested, as near as may be. Sec. 1846, R. S.; *Washburn v. M. & L. W. R. Co.* 59 Wis. 382. Such proceeding is, in some respects, a proceeding *in rem;* and hence condemnation may be had, even though the owners of or persons interested in the land be nonresidents of the state, or their residence be unknown. Sec. 1848, R. S. Such proceeding, being regular, and the amount of the awards to the respective owners and persons interested being paid into court or to such owners and persons, and their several receipts therefor filed with the clerk of the court, vests in the corporation, its successors and assigns, the title and the exclusive use of the premises condemned, and every part and parcel thereof. Sec. 1850, 1851, R. S. This would be so, regardless of any conflicting claims to the money so paid into court, which may be determined as prescribed by statute. *Walton v. G. B., W. & St. P. R. Co.* 70 Wis. 417. In other words, the chief concern of the company is to acquire a perfect title to the lands, and the chief concern of the respective owners and persons interested is to obtain their respective shares of the award. Since the title to land is generally of record, the company may, as a rule, safely proceed against the apparent owners and persons interested for the condemnation of the same.

The statute, as it now stands, provides in effect that if the corporation neglects to institute such proceedings, or delays in the prosecution thereof, any party interested in the lands taken may institute such proceedings and conduct

the same to a conclusion, at the cost and expense of such corporation. Sec. 1852, R. S.; *Buchner v. C., M. & N. W. R. Co.* 60 Wis. 264. Since that enactment this court has frequently held, in effect, that if the owner of land, or person interested therein, by express or tacit consent permits a railway company to enter thereon, construct its roadbed and track, and occupy the same for the purposes of a railroad, he thereby waives and loses his common-law remedies by way of trespass, injunction, etc., and is relegated to proceedings to enforce condemnation for the benefit of the company, and to have his compensation and damages assessed. *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403; *Mil. & N. R. Co. v. Strange,* 63 Wis. 178; *Taylor v. C., M. & St. P. R. Co.* 63 Wis. 327; *Walton v. G. B., W. & St. P. R. Co.* 70 Wis. 419; *Cassidy v. C. & N. W. R. Co.* 70 Wis. 440; *Kelly v. G. B., W. & St. P. R. Co.* 80 Wis. 328.

This being so, it is very manifest that the enactment mentioned was for the benefit and in the interest of railroad companies. But, as indicated, such neglect or delay on the part of the corporation only authorizes such proceedings to be instituted by a person owning or having some interest in the land so taken. Whenever such ownership or interest of the petitioner is denied by the railway company, the determination of the issue so raised is of primary importance. It is only when such determination is in favor of the petitioner that the court is authorized to proceed and appoint commissioners. If, on the other hand, such determination is against the petitioner and in favor of the company, then the petition should be dismissed without such appointment. The statute nowhere prescribes the time or manner of such determination. The section last cited does provide that in case of "a disagreement between such corporation and the owner of such land in relation" to certain matters therein named "the court or judge thereof shall, at the request of either party, award an issue

which shall be tried in the same manner as issues of fact in said court," etc.; but it does not clearly appear, if it appears at all, that the cases thus provided for include the determination of such disputed title.

In *Wooster v. S. R. V. R. Co.* 57 Wis. 311, relied upon by counsel, the proceeding was instituted by the company. The petition stated the existence of an outstanding mortgage, and the commissioners apportioned their award between the owner and the mortgagee. Upon an appeal from the award by the owner and a retrial the whole damage was adjudged to the land-owner. The company appealed to this court, and sought a reversal on the ground that the award had not been apportioned between the owner and · the mortgagee. The judgment was affirmed, however, on the ground that the burden was on the company to show on such retrial whether there was anything due and payable on such outstanding mortgage. Besides, it was there suggested by the present chief justice that the company still had its remedy by paying the amount of the award into court and obtaining an order, upon proper showing, for its distribution to the mortgagee. This would seem to be provided for in the section last cited. The question here presented was not involved in that case.

In *Walton v. G. B., W. & St. P. R. Co.* 70 Wis. 414, the proceeding was instituted by the land-owner. The answer of the company denied the petitioner's title. The issue there made was, by consent of parties, tried in a summary way by and before the court; and it was found by the court, as a matter of fact, that the petitioner had no title, and judgment was entered thereon accordingly, dismissing his petition. Upon an appeal to this court by the land-owner it was urged that it was the duty of the court to appoint commissioners, regardless of the question of title. But it was held that the petitioner was only entitled to compensation upon making proof of title or some interest in himself,

and that without such title or interest he had no right to enforce such condemnation proceedings.

In the order of January 3, 1891, appointing commissioners in the case at bar, the court determined that the petitioner had title to the *locus in quo.* The award of damages was made on that theory by the commissioners February 3, 1891. The plaintiff contends that such determination of his title is conclusive upon the company. But the company appealed from that award February 10, 1891, and now contends that the petitioner's title is still open for final determination upon such appeal. It is to be regretted that the statute does not prescribe the time and manner for determining such contested title. Neither of these contentions are before us for determination on either of these appeals. The question here is whether the court properly ordered the company to pay the fees of the commissioners May 18, 1891, and whether the court properly refused to modify that order June 13, 1891.

The statute expressly provides that " the commissioners shall be entitled to such compensation as the court may direct, which shall be paid by the railroad corporation." Sec. 1848, R. S. Under this statute, and where the company institutes the proceedings, it may certainly be required to pay the commissioners' fees as soon as their services have been performed and the amount of their compensation is fixed by the court. So the statute provides that " in every such case the party interested in such lands may institute and conduct the proceedings to a conclusion, if the corporation delays or omits to prosecute the same, *at its cost and expense.*" Sec. 1852, R. S. The mere fact that the landowner instituted the proceedings does not, in our judgment, take away nor change the liability of the company. It still may be required to pay the fees of the commissioners as soon as their services are performed and the amount thereof is fixed by the court. The order of January 3, 1891,

Taylor vs. The Chicago, Milwaukee & St. Paul R. Co.

and the appointment of commissioners, is at least *prima facie* evidence that the title to the *locus in quo* was in the petitioner. The commissioners, having performed such services under such order, were entitled to their pay. The statute required the company to pay them as ordered; and the mere fact of the appeal from the award and the denial of such title did not make it improper for the court to make and enforce the order. Whether the company can recover back the fees so paid in case it should finally succeed in defeating the petitioner's title to the *locus in quo*, is a question not here presented.

*By the Court.*— Both of the orders appealed from are affirmed.

WINSLOW, J.   I am inclined to the opinion that the question of title in railway condemnation proceedings instituted by a land-owner is not finally settled until judgment upon appeal from the award of commissioners. Such is the case when the company institutes the proceedings (*Wooster v. S. R. V. R. Co.* 57 Wis. 311), and I see no sufficient reason for a different rule in a case where the land-owner initiates the proceedings. Now if, as seems clear, no one can prosecute these proceedings at the expense of the company save a land-owner, and the question of ownership is not finally determined until the judgment upon appeal, it seems plain to me that the right to charge the company is not settled until that judgment is entered. It does not seem to me that the company should be compelled to pay commissioners' fees *pendente lite*, when by final judgment it may be decided that there is no liability to pay anything. On this ground I dissent.