TAYLOR, Respondent, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*April 30 — June 1, 1885.*

*Ejectment: Land taken by railroad.*

If the owner of land has expressly or impliedly consented to the construction of a railroad across the same, he cannot thereafter maintain an action to recover possession of the land so taken and occupied.

APPEAL from the Circuit Court for *Fond du Lac* County. The case is sufficiently stated in the opinion. The defendant appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief signed by *John W. Cary,* attorney, and *H. H. Field,* of counsel, and the cause was argued orally by *Burton Hanson.*

For the respondent there was a brief by *Maurice McKenna,* attorney, and *Henry J. Gerpheide,* of counsel, and oral argument by *Mr. Gerpheide.*

TAYLOR, J. This is an action of ejectment brought by the respondent against the appellant company, to recover the possession of a strip of land along which the company and its predecessor in right had constructed and operated a railroad track. The evidence shows conclusively that the track was constructed along a public street in the city of Fond du Lac, and had been used as a railroad for about eight years before the commencement of this action, and, so far as the evidence in this case shows, such railroad had been so built and operated along said street, and on the strip of land now claimed by the plaintiff, during all that time without any protest or objection made by the plaintiff or by her husband, who was, if the plaintiff now owns the same, a joint tenant with her in the ownership of said strip at the time said railroad was built. It appears from the

evidence that the husband died sometime in December, 1876. It is assumed, for the purposes of this appeal only, that the plaintiff is the owner of the strip of land in question, subject to the right of the public to use the same as a street. Upon the evidence we think it clear that the plaintiff wholly failed to make out a case against the company which entitled her to a judgment to recover the possession of the land, and the court should have granted a nonsuit as requested by the appellant.

This court has uniformly held that under the constitution of this state the legislature has no power to authorize a railroad company to take possession of, and permanently occupy, the lands of a private citizen without his consent, for the purpose of constructing a railroad thereon, without first making compensation therefor. It has also as uniformly held that such company may do so with his consent, and that when the citizen has consented to such permanent occupation by the company, the legislature may restrict his remedy for compensation therefor to the same proceeding which the company is compelled to take in order to fix such compensation when it desires to permanently occupy the lands of the citizen against his consent. See *Bohlman v. G. B. & L. P. R. Co.* 30 Wis. 105; *Sherman v. M., L. S. & W. R. Co.* 40 Wis. 645, 651.

In the *Sherman Case* the late learned Chief Justice RYAN says, speaking of sec. 2, ch. 175, Laws of 1861: " Our first impression was that the section was inconsistent with the provisions of the general railroad act; but the construction given to the section in *Bohlman v. G. B. & L. P. R. Co.* 30 Wis. 105, limiting it to cases where the railroad companies had taken possession of land by permission of the owners, makes it quite consistent with the act of 1872. That construction is still satisfactory to us; for it recognizes that there are two ways by which a railroad company can lawfully enter into possession of land not acquired by purchase:

upon making just compensation under its exercise of the right of eminent domain, or by permission of the owner. In the latter case the owner waives compensation as a condition precedent, but not the compensation itself. *He therefore assumes to himself the process of ascertaining the compensation, which would otherwise have devolved upon the railroad company.* And the section in question simply enables him to do so. This purpose is very plainly expressed in sec. 4 of ch. 291 of 1873, amending the general railroad act of 1872; the provision in the latter section being probably intended as a substitute for the section of 1861."

Sec. 4, ch. 291, Laws of 1873, above referred to, is now in substance sec. 1852, R. S. 1878.

In the *Bohlman Case,* above cited, Chief Justice DIXON says, referring to the act of 1861: "It is obvious from the most cursory reading of that act that it only applies and was only intended to apply to cases where the railroad *company has entered upon and has actually built and put its road in operation over the land by the permission, tacit or express, of the owner."*

The strong intimation made in these cases that when the railroad company has entered upon the lands of the citizen with his express or implied consent, and constructed its railroad upon the same, without first making compensation therefor, such consent to the permanent occupation is a waiver of his constitutional right to compensation before possession taken, and having thus waived such constitutional right, he also waives his common-law rights of action to obtain the same, and is restricted to the proceedings prescribed by the statute, has since been, by the decisions of this court, declared to be the law governing the rights of the parties in such cases. See *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403; *S. C.* 60 Wis. 264, 277; *Hanlin v. C. & N. W. R. Co.* 61 Wis. 515; *Milwaukee & N. R. Co. v. Strange, ante,* p. 178. And whenever the proofs in a com-

mon-law action brought by the owner of lands to recover
damages, or the possession of lands taken and used by a
railroad company, show that the possession of the plaintiff's
property by the railroad has been taken, and its railroad
has been constructed thereon, with the express or implied
assent of the plaintiff, the plaintiff fails to show himself en-
titled to recover in such action; and it can make no dif-
ference as to his right to maintain the same whether it be
an action of trespass to recover damages for the wrong
done, or ejectment to recover the property so taken and
occupied by the company.   The evidence of consent in this
case is as ample as in the cases above cited, in which it was
held the plaintiff could not recover; and, as above stated,
the court should have nonsuited the plaintiff.

That there are cases which have come before this court
for consideration, in which actions of ejectment against
railroad companies have been sustained under circumstances
similar to those disclosed by the evidence in this case, may
be true; but, upon an examination of the cases it will be
found that the question raised in this case and in the latter
cases in this court, above cited, was not discussed by coun-
sel or considered by this court.   Other cases may be found
in which actions to recover damages against railroad com-
panies for unlawfully entering upon the lands of the plaintiff
and constructing a railroad thereon have been maintained,
and, perhaps, in some of them such actions may have been
sustained by this court when the question as to whether
such entry of the railroad companies had been made with
the implied assent of the owner was raised in the case.   If
there be any cases in which there have been any rulings
which are in apparent conflict with the cases of *Sherman v.
M., L. S. & W. R. Co., Buchner v. C., M. & N. W. R. Co.,
Hanlin v. C. & N. W. R. Co.,* and *Milwaukee & N. R. Co.
v. Strange,* above cited, they were either made under the
law as it stood previous to the enactment of sec. 2, ch. 175,

Laws of 1861, and sec. 4, ch. 291, Laws of 1878, which is the present sec. 1852, R. S., or without considering the effect which such laws ought to have on the rights of the land-owners. It is very clear to us that the construction given to these laws by the later decisions is the true construction. Such construction is not only just to all parties interested, but tends to the restraint of unnecessary litigation, which is always in the interest of the parties as well as of the public generally. Having come to the conclusion that, if the plaintiff had, in fact, title to the strip of land in question, she could not maintain her action, we do not deem it necessary to consider the question of her ownership in this case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.