Frey vs. Duluth, South Shore & Atlantic R. Co.

FREY, Respondent, vs. DULUTH, SOUTH SHORE & ATLANTIC RAILWAY COMPANY, Appellant.

*October 22 — November 8, 1895.*

*Railroads: Taking of land: Separate conveyance of right to compensation.*

1. Where a railroad has been constructed over lands with the express or tacit consent of the owner thereof, his right to obtain compensation, under sec. 1852, R. S., is a property right which remains in and may be transferred by him after he has conveyed all of the lands by warranty deed.

2. Where, after such lands were so conveyed, the former owner also assigned to one of the grantees all his right to compensation from the railroad company, the amount which such grantee is entitled to recover is not diminished by the fact that he afterwards platted and sold a portion of the lands.

APPEAL from a judgment of the circuit court for Douglas county: R. D. MARSHALL, Circuit Judge. *Affirmed.*

While one Ira W. Burhans was the owner in fee of blocks 16 and 18, abutting on their northeasterly side on West Nineteenth street, and on their southwesterly side on West Twentieth street, in Superior, in the year 1888, the defendant railway company constructed its railway along and upon the center of said West Nineteenth street, and used and occupied the same up to July, 1894, when it abandoned that portion of its line in Nineteenth street, and removed its track to Ninth street. On June 18, 1890, said Burhans sold and conveyed to the plaintiff said block 16 and the easterly half of said block 18, by warranty deed in the usual form. On June 19, 1890, the plaintiff caused to be filed in the office of the register of deeds for Douglas county a plat of " Frey's Subdivision," comprising said block 16 and the east half of said block 18, by which the said parcels were subdivided into forty-eight lots, twenty-four abutting on Nineteenth street and twenty-four on Twentieth street. On July 28,.

1890, the said Burhans duly executed and delivered to the plaintiff a written instrument, which, after reciting the facts stated and that said company had taken possession of said portions of said blocks so used by it as and for its roadbed without having condemned the same or otherwise obtained the right so to do, and still occupies the same without right, and that said Burhans had since then sold and conveyed the same by warranty deeds, contained the following provision, to wit: "Now, therefore, for good and sufficient consideration to me paid, I hereby sell, assign, and transfer to *Christian F. Frey*, the grantee named in one of said deeds [the plaintiff herein], all my right of action, claims, and demands accruing to me against said company by virtue of its taking and occupying said premises as right of way as aforesaid, and authorize him, in his own name and at his own expense, to institute such proceedings at law to have such property so taken condemned, and recover of said company the value thereof and the damages to the balance of said property by reason of the premises or otherwise, as he may be advised."

Prior to September 17, 1892, the plaintiff sold and conveyed to divers persons all of the lots embraced in said plat except lots 240, 242, on West Nineteenth street, and except that he had and retained an equity of redemption in lots 225, 227, 229, and 231 on West Twentieth street. On September 17, 1892, the plaintiff filed a petition in the office of the clerk of the circuit court for Douglas county, under the provisions of R. S. sec. 1852, for the purpose of having the damages to said real estate determined. From the awards of the commissioners thereon, January 24, 1893, the defendant appealed to the circuit court. At the close of the trial in that court the jury returned a verdict to the effect that January 24, 1893, the market value of the several parcels of land therein described was less than it would have been at that time had the defendant's road not been constructed, to the amount set opposite said parcels respectively, and

that the damages to said lots, by reason of the construction of the defendant's road, were the aggregate of said several sums mentioned, to wit, $3,680, with interest thereon at the rate of six per cent. per annum from January 24, 1893, amounting to $352.24. From the judgment in favor of the plaintiff upon said verdict the defendant appeals.

For the appellant there was a brief by *Catlin, Butler & Lyons*, and oral argument by *T. E. Lyons*.

*Champ Green*, for the respondent.

CASSODAY, C. J. Burhans was the owner in fee of the lands in question at the time the defendant constructed its railway over the same, as indicated in the foregoing statement. It never instituted any proceedings for the condemnation of any part of such lands, nor obtained any conveyance of the same. We must assume that its entry upon such lands, and the construction of its road thereon, were with the acquiescence and consent of such owner, subject, of course, to the payment to such owner of just compensation. Const. art. I, sec. 13. Since the statutes of 1872–73 (R. S. sec. 1852) it has been repeatedly held that, where the owner of the land has by express or tacit consent permitted the railway company to enter thereon, construct its roadbed and track, and occupy the same for the purposes of a railroad, he has thereby, in effect, waived and lost his former remedies at law and in equity, and is relegated to proceedings under the statute to have his compensation assessed. *Hanlin v. C. & N. W. R. Co.* 61 Wis. 522; *Taylor v. C., M. & St. P. R. Co.* 63 Wis. 327; *Milwaukee & N. R. Co. v. Strange*, 63 Wis. 183; *Walton v. G. B., W. & St. P. R. Co.* 70 Wis. 418; *Cassidy v. C. & N. W. R. Co.* 70 Wis. 440; *Kelly v. G. B., W. & St. P. R. Co.* 80 Wis. 334; *Taylor v. C., M. & St. P. R. Co.* 81 Wis. 87. Under these adjudications, Burhans, by such acquiescence and consent, lost all right to maintain ejectment, trespass, or injunction, or any

form of action based upon the theory that he still retained the title and right to the possession of the right of way so taken by the defendant. His mere conveyance of the lands in question by warranty deed to the plaintiff, after the railway had been so constructed for two years, would not have deprived him of the right to such just compensation as had accrued to him by virtue of such taking, "for such grantee is supposed to have purchased the land subject to such burden, and to have deducted from the purchase price an amount equal to the depreciation in the value by reason of such easement." *Milwaukee & N. R. Co. v. Strange,* 63 Wis. 184, and cases there cited; *Walton v. G. B., W. & St. P. R. Co.* 70 Wis. 419. In these cases it is said that the mere existence of such easement constitutes no breach of the covenants contained in such warranty deed.

The result of these and the other decisions cited is to the effect that the right to have such damages assessed in such proceedings, and to enforce payment thereof, is a property right which may remain in the person to whom it has accrued after he has parted with all title and right to the possession in every part of the land. This being so, we perceive no good reason why such property right did not pass to the plaintiff by the written instrument wherein Burhans, for a good and sufficient consideration paid, did expressly "sell, assign, and transfer to" the plaintiff all his "right of action, claims, and demands accruing to" him against the defendant by virtue of its taking and occupying said right of way,— especially as the plaintiff, at the time of obtaining such written instrument, owned the lands in question. The plaintiff, having thus acquired the title to the lands and such right of compensation, occupied the same position in respect to enforcing such right as Burhans did before he conveyed away the title. This being so, and upon the principles stated, the plaintiff had the same right to institute condemnation proceedings, after he had sold and conveyed to divers

persons most of the lands, that Burhans had after he had sold and conveyed all the lands.

For the reasons given, we do not think·there was error in refusing to instruct the jury that the plaintiff was only entitled to recover damages for such lots and real estate as he owned or in which he had an interest at the time the condemnation proceedings were instituted, and that he could not recover damages for lots and real estate which he did not own or have an interest in, notwithstanding he had an assignment of such right to recover damages from Burhans. The right to such just compensation accrued to Burhans, and was transferred by him to the plaintiff prior to the time when the lands were platted by the plaintiff; and hence the mere fact that the plaintiff thereafter platted the lands did not diminish the amount of such just compensation as had already accrued. We perceive no error in the record.

*By the Court.*— The judgment of the circuit court ·is affirmed.

MARSHALL, J., took no part.