HOOE and others, Appellants, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*December 15, 1897 — January 11, 1898.*

*Railroads: Taking of land: Proceedings by remaindermen to recover compensation: Limitations: Election of remedies: Waiver.*

1. A proceeding by remaindermen to recover compensation under sec. 1852, R. S. 1878, for the taking of land by a railroad company is an action for an injury to the inheritance within the meaning of sec. 2198, providing that remaindermen may maintain such an action notwithstanding any intervening estate for life or years. The running of the statute of limitations is, therefore, not suspended during the intervening estate.

2. Such a proceeding by remaindermen must be commenced within six years after the right of action accrues, or it will be barred under subd. 5, sec. 4222, R. S. 1878, limiting the time within which actions to recover for injuries to real property must be brought.

3. By commencing proceedings under sec. 1852, R. S. 1878, for the taking of land by a railroad company, remaindermen elected to take the compensation provided for therein, and thereby waived all remedies they otherwise might have had for the recovery of the land itself.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This is a proceeding for the condemnation of certain lands for the right of way of the respondent's railroad, instituted by the appellants against the railroad company. The road has been built and in complete operation since June, 1856. The appellants are the heirs at law and devisees under the will of a former owner of the land. One Alexander S. Hooe was seised of the lands at the time of his death. He died in 1847, leaving a will, whereby he left all his estate to his widow, Emilie Hooe, during her lifetime, with remainder to their children. The will was admitted to probate. The appellants are the children of the testator and the said Emilie. In April, 1849, the widow conveyed the lands by war-

ranty deed to one Abijah Fox.   In September, 1853, Abijah Fox conveyed, also by warranty deed, to the Milwaukee & Mississippi Railroad Company, a strip of land across the same tract for right of way for its railroad, and a tract for depot grounds.  The railway company entered at once upon the lands, claiming title thereto under its deed from Fox, and constructed its road and depot.  The road was completed in 1856, and has been ever since in complete operation by the Milwaukee & Mississippi Railroad Company and its successors in title.  The respondent now owns and operates the road.  The widow died July 5, 1885.  The petition which was the commencement of this proceeding was filed July 5, 1895.  It asks for the appointment of commissioners to ascertain and appraise compensation to the appellants for the taking of the said lands for the right of way of its railroad and depot grounds.  The respondent claimed title to the premises by adverse possession during the statutory period. The court adjudged the appellants to be without title to the lands, and dismissed the petition, with costs.   The appeal is from the judgment dismissing the petition.

For the appellants there were briefs by *Bushnell, Rogers & Hall*, and oral argument by *A. R. Bushnell*.   They contended, *inter alia*, that the right given to the land owner to commence proceedings under sec. 1852, R. S. 1878, is a mere privilege given him to perform a duty devolving upon the railroad company, if the latter neglects to perform it.  This privilege is about the equivalent of the right to bring actions *quia timet*, to avoid anticipated or threatened injury, against which no statutes of limitation run.   No statute of limitations can be held to have run against it, as long as without it the owner would have a right by ejectment to recover possession of the land.   Sec. 1852 was never intended to set in operation any new statute of limitations. There was no present injury to the remaindermen until the falling in of the life estate.  Their right is much in the nature of an inchoate right of dower, against which the statute of

limitations would not begin to run in favor of the company until it became vested, because until then no right of possession had accrued. The statutes of limitation cannot properly be held to begin to run against anybody, until there is a present injury to his rights. The statutes applicable to real actions and rights in and to real property are applicable to actions under the condemnation statutes. *Tucker v. C., St. P., M. & O. R. Co.* 91 Wis. 576, 833.

For the respondent there was a brief by *H. H. Field* and *Geo. W. Bird,* attorneys, and *Burton Hanson,* of counsel, and oral argument by *Mr. Bird.*

NEWMAN, J. There is no dispute about the facts. The contention is over the proper application of the law to the undisputed facts. It is whether the appellants are barred from the maintenance of this proceeding for the condemnation of the lands for respondent's right of way, by any statute of limitations. The contention, in substance, is that because the appellants were mere remaindermen, having no right of action to recover the possession of the land from a person holding under the life tenant until after the termination of the life estate, they had no right to maintain this proceeding. So, consequently, the statutes of limitation would not begin to run against them until after the termination of the life estate; and this proceeding was begun within ten years after the death of the life tenant. So, it is claimed the appellants are not barred from this proceeding by any statute of limitation.

It is, no doubt, the law that the appellants could not have maintained an action for the recovery of the land itself during the lifetime of the life tenant, and that the statute which bars the recovery of the lands would not begin to run during the subsistence of the life estate. *Barrett v. Stradl,* 73 Wis. 385–395. But it is not perceived that these considerations are controlling of the contention; for this is not a proceeding which looks to a recovery of the possession

of the land itself, but only to the recovery of damages for the taking of a part of it and the consequent injury to the whole tract.    It was competent for the appellants to institute and maintain this proceeding at any time; at least, since the enactment of ch. 119, Laws of 1872 (R. S. 1878, sec. 1852).    The fact that they were merely remaindermen did not disable them to bring an action for such an injury to their estate in the land.    R. S. 1878, sec. 2198.    But an action for such an injury must be brought within six years after the right of action accrues, and cannot be maintained afterwards.    R. S. 1878, sec. 4222, subd. 5.

It is the settled law, since the enactment of ch. 119, Laws of 1872, that, where the owner of land has permitted a railway company to locate, construct, and operate its road thereon, he has thereby waived and lost all his former remedies for the recovery of the land or for injuries to it.    But all such former remedies are merged in the proceeding for compensation, provided by the statute itself.    *Frey v. D., S. S. & A. R. Co.* 91 Wis. 309.    It may well be that the consent of the life tenant to the occupation of the land by the respondent with its railroad will not be binding upon the remainderman.    So that the former remedies may remain to him, unless he, too, consents.    But these appellants have made their election to take compensation.    This, in effect, ratifies and consents to the occupation of the land by the respondent.    This proceeding is virtually an action for compensation.    If not in strictness an action for damages for an injury to the real property, it is the only legislative substitute for such an action, and the only remedy which remained to the appellants after they had waived a recovery of the land itself.    This remedy was lost to them by their omission to assert their right in time.    They are foreclosed by delay.

*By the Court.*— The judgment of the circuit court is affirmed.