BABCOCK, Administratrix, Respondent, vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*May 18 — June 21, 1900.*

*Railroads: Eminent domain: Recovery for land taken without condemnation: Estoppel: Petition: Description of the premises: Jurisdiction: Necessity of the taking.*

1. A railroad company constructed its roadbed so that a portion of the embankment extended onto the premises of plaintiff's intestate, and maintained the same for five years without objection. Meanwhile the intestate sold the premises, and accepted the price they brought in that condition, reserving his claim against the company. *Held*, that his right to obtain compensation for the injury to his premises under sec. 1852, Stats. 1898, had become irrevocable, and was not defeated by the act of the railroad company in removing all parts of its embankment from the limits of said premises.

2. In a proceeding by a landowner to recover compensation for land over which a railroad had constructed its road without having acquired title, the allegations of the petition are to be liberally construed, so far as is consistent with reasonably certainty of information. So construed, a petition, alleging the construction of defendant's track over an ascertainable parcel of land belonging to plaintiff, to which was annexed a plat specifying courses and distances with reference to duly defined and recorded lot lines, is sufficient to confer jurisdiction upon the court to ascertain and adjudge what land, within the limits of that described, had in fact been occupied by defendant's construction.

3. Although sec. 1852, Stats. 1898, requires proceedings thereunder to comply generally with the provisions relating to condemnation of land by railroad corporations, a landowner, seeking under that section to recover compensation for land already taken, need not allege or prove the necessity of the taking, required by sec. 1846 in condemnation proceedings initiated by a railroad company.

APPEAL from a judgment of the circuit court for Fond du Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

The defendant in 1890 built a spur track entirely on its own land, which bounded a lot of the plaintiff's decedent on the north and on the east. In grading for said track,

the fill or embankment extended over a triangle in the north-
east corner of decedent's lot sixteen feet long east and west
by eight feet north and south; and the track was so close
to his corner that, in passing around the curve rapidly, cars
might swing so that the eaves might overhang the northeast
corner of the decedent's premises slightly. In 1895 the
plaintiff's decedent, having meanwhile sold his lot, reserv-
ing his claim against defendant, filed a petition, under sec.
1852, R. S. 1878, alleging his ownership of a described lot,
and the construction and operation of a spur track over and
across the same "thirty feet wide on each side of its center
line, as shown by the map attached to its petition on file;"
no other description of lands occupied by the defendant
being given. After trial the court amended or corrected
the petition *nunc pro tunc* by permitting to be attached
thereto a map showing the location of the defendant's track
with reference to the decedent's lot lines, the limit of the
thirty-foot space mentioned in the petition, and also a line
marked, "Foot of Grade," with figures to indicate the dimen-
sions of the portion of decedent's lot occupied thereby. De-
fendant answered, denying that it had constructed its track
upon any land of the petitioner, denying that it had taken
or claimed any portion of his land, or any right or interest
therein, and, before the hearing for the appointment of com-
missioners, removed its track a few inches, so as to exclude
the possibility of the eaves at any time overhanging deced-
ent's lot line, and removed from within the limits of deced-
ent's lot all parts of its embankment, and all earth and
gravel cast thereon, so that at the time of the hearing no
part of the embankment or roadbed of the defendant was
upon the lot in question. The court found these facts sub-
stantially as above stated, and, as conclusions of law, that
there had been an actual taking of a portion of the petition-
er's lot, consisting of a right-angle triangle, extending from
the northeast corner of said lot on the east line thereof south

for a distance of eight feet, and extending west on the north line of said lot a distance of sixteen feet, the hypotenuse of said triangle being a right line between the limits of said points at the south and west lines of said lots, respectively, and appointed commissioners, who made an award, from which the defendant appealed to the circuit court, and on that appeal judgment was entered in favor of said petitioner for $250 damages, and $115 costs and expenses of the proceeding. The judgment recites that the defendant, before trial in the circuit court, moved to dismiss the proceedings for want of jurisdiction, and in consequence of alleged defects in the petition. From the judgment so entered the defendant appeals to this court.

For the appellant there was a brief by *Fish, Carey, Upham & Black*, attorneys, and *Edward M. Hyzer*, of counsel, and oral argument by *John T. Fish*.

For the respondent there was a brief by *Edward S. Bragg*, and oral argument by *John I. Thompson*.

DODGE, J. By a long line of decisions, commencing with an intimation in *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403, collected and cited in *Frey v. D., S. S. & A. R. Co.* 91 Wis. 309, and followed in *Hooe v. C., M. & St. P. R. Co.* 98 Wis. 302, and *Kuhl v. C. & N. W. R. Co.* 101 Wis. 54, the force and effect of sec. 1852, Stats. 1898, has become fully established, to the extent that construction of its track by a railway company over the land of another, when consented to, either expressly or by tacit acquiescence, irrevocably transfers from the owner to the company the permanent right of occupation for operating purposes, leaving to the former owner only the right to obtain compensation in the manner specified in that section. Under this construction, railroad companies have enjoyed immunity from harassment by actions in ejectment or for trespass, and from suits for injunction, and have been relieved from all liability, after

six years from the time of the construction of the track.
With such immunity they must accept the liability which
the statute imposes, namely, that of compensating the former
owner for the injury resulting from the taking away of the
rights so vested in the railroad company. The conclusions
reached in these authorities are in no wise in conflict with
the rule of law urged by appellant's counsel, and sustained
by numerous citations, commencing with *Driver v. W. U. R.
Co.* 32 Wis. 569,— that a railway company, having insti-
tuted condemnation proceedings, may discontinue them.
That rule rests on the right of any litigant originating a
suit to terminate it when no interests or rights will be im-
paired by such termination. *Manitowoc & L. W. R. Co. v.
Stolze,* 101 Wis. 93; *State ex rel. Milwaukee v. Ludwig,* 106
Wis. 226; *Chicago, St. L. & W. R. Co. v. Gates,* 120 Ill. 86.
The rule adopted under sec. 1852 is predicated upon the
completed act of construction done by the railroad company
and acquiesced in by the owner, while the rule of the *Driver
Case* is predicated upon the incompleteness of the proceed-
ing, so that rights have not already vested.

This court has been prompt to hold the landowner irre-
vocably bound by silence, sometimes for a very short period.
Thus, in *Buchner v. C., M. & N. W. R. Co., supra,* the pro-
test of the landowner came only about a month after the
act of the railroad company in constructing its track; but
he was held to be already deprived of his rights in the real
estate, and of all his rights of action, except that for com-
pensation under the statute.

The only exception or limitation of the rule of the line of
cases above referred to is presented in *Morris v. W. M. R.
Co.* 82 Wis. 541, where it was held that the circumstances
might so entirely refute the purpose to construct the track
over the premises of another, and might so fully show that
a slight invasion of his premises was by mistake, that, if
promptly remedied, the inference of a completed transfer

of the right need not arise, but it might be treated as a mere trespass. That principle is not, and need not be, at all questioned in reaching the decision in this case, which presents facts and circumstances so radically different as not to involve it. Here the construction of appellant's track extended some eight feet in one direction and sixteen in another, onto respondent's premises. It had remained there for a period of five years, with no suggestion that even the original construction was done under any mistake; and meanwhile the lot owner had acted, as he had a right to do, on the assumption that the railroad company had constructed its road, intending the legal results. He had sold his premises with that burden upon them, and accepted the price which they would bring in that condition. His injury from the construction is irrevocable. It cannot be adequately compensated in trespass, ejectment, or by injunction. Nor is he relieved from that injury by the act of the appellant in now withdrawing its tracks from his premises. That results in benefit to his grantee, but does not enable him to recover from that grantee the reduction in price in all probability accorded by reason of the existence of this burden upon the premises. Surely, maintenance of its track by the railroad company for five years, without protest from the lot owner, brings the present case fully within the rule of *Frey v. D., S. S. & A. R. Co.* 91 Wis. 309, and *Kuhl v. C. & N. W. R. Co.* 101 Wis. 54; and especially must the situation have become irrevocable where the lot owner has, as in the present case, materially changed his position in reliance upon it. It is not necessary in this case to decide at what moment the transfer of rights becomes irrevocable, so that the real-estate rights have passed to the company, and the statutory cause of action in implied or *quasi*-contract is all that remains to the landowner. What we do hold is that the lapse of five years, accompanied by such change of situation as in fairness and equity should work an estoppel, attains that result.

Appellant challenges jurisdiction for certain alleged defects in the petition: first, in that the description of the land occupied by it is insufficient; and, secondly, in that the necessity of the taking is not alleged. As to the first objection, we deem the petition sufficient to inform appellant that petitioner claimed that it had constructed its track over an ascertainable parcel of land belonging to him, which included that found by the court to have been so taken and occupied. The plat forms a part of the petition, and thereon are specified courses and distances, with reference to the duly defined and recorded lot lines. Under our statutes (secs. 2668, 2669, 2829, 2830, Stats. 1898), the allegations of the petition are to be treated, not with the technical nicety of an indictment at common law, but with favorable intendment, so far as consistent with reasonable certainty of information to the opposite party and to the court. So treated, this petition is sufficient at least to confer jurisdiction upon the court to ascertain and adjudge what land, within the limits of that described, has in fact been occupied by the appellant's construction.

The second objection has, in effect, already been overruled by this court, in *Chicago, M. & St. P. R. Co. v. Richardson*, 86 Wis. 154. The proceeding under sec. 1852, while required to comply generally with that under sec. 1846, must of necessity differ therefrom, and be relieved from some of the requirements thereof by reason of the different situation,— especially so when the petition emanates from the property owner seeking redress for acts already done by the railway company. It would be incongruous to permit the latter to deny necessity of its taking, or to insist on allegation or proof by the other party, when the whole proceeding rests on its own acts, affirming such necessity in the most unambiguous manner.

*By the Court.*— Judgment affirmed.