McCORD, Appellant, vs. EASTERN RAILWAY COMPANY OF MINNESOTA and others, Respondents.

*May 8—September 29, 1908.*

*Railroads: Taking of land without first making compensation: Consent of owner: Constitutional law: Injunction: Statutes construed.*

1. The permanent appropriation of land for railway purposes is a taking within the meaning of sec. 13, art. I, Const.; and the legislature has no power to authorize such a taking of private property against the will of the owner without compensation first made or tendered.

2. The entry by a railway company upon lands without the consent, tacit or express, of the owner and without compensation, with intention to appropriate them permanently, is unlawful and will be restrained.

McCord v. Eastern R. Co. 136 Wis. 254.

3. Equity will, in such a case, protect the owner in his right to the free and exclusive use of his property, the remedy at law being less adequate, comprehensive, and efficient to the ends of justice and its prompt administration.

4. Although a railway company entered upon land in this state and graded it for a roadbed, without protest from any one, yet it appearing that the owner resided and was at the time in the state of Oregon; that when his attorney in this state first learned of the entry the grading was nearly finished; that he at once telegraphed to the owner and received instructions to enjoin the company, but the grading was then completed, and the attorney had no knowledge or information until three or four weeks later that further work was to be done; and that he then obtained a temporary injunction,—it is *held* that there had been no consent, express or tacit, by the owner to the entry upon the land.

5. Sec. 1852, Stats. (1898),—providing that in any case where a railroad corporation shall not have acquired title to the lands upon which it shall have constructed its roadbed or track it may proceed to acquire such title by condemnation; that the court in such proceeding may authorize the corporation to continue in possession of the land, and, upon security being given, may stay all actions or proceedings against the corporation on account thereof; that the owner may institute the condemnation proceedings if the corporation delays or omits to prosecute the same; and that no injunction to restrain the completion or operation of the road shall be granted until the compensation for the lands has been fixed,—does not mean that a railroad company may take and hold possession of land without the consent of the owner and without first making or tendering compensation.

6. Neither ch. 454, Laws of 1907, nor a certificate of public convenience and necessity issued thereunder by the Railroad Commission, gives a railroad company the right to take property or to interfere with the rights of property owners without first making compensation.

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

This action was brought against the defendants to enjoin them from further trespassing upon the plaintiff's premises and from taking permanent and exclusive possession of said

premises by building a railroad thereon. The complaint, after alleging ownership in plaintiff, alleges:

"That early in the month of September, 1907, the said defendants by their agents, employees, and servants, without the consent and against the wishes of this plaintiff, entered upon and took possession of a portion of the lands aforesaid and appropriated the same to their own use, and commenced extensive operation by way of excavating and grading the land so entered upon for the purpose of making a roadbed for the laying of a number of railroad tracks and the operation of a railroad across and upon said premises, and are now engaged in carrying on said work, all without the consent of this plaintiff and against his wishes; that said defendants are about to further unlawfully excavate, grade, and disturb the land so owned by this plaintiff and to take permanent possession thereof to the exclusion of this plaintiff, and are about to lay railroad tracks, construct and operate a railroad thereon, all against the wishes of this plaintiff and without his consent, and will do so unless restrained by the order of this court."

The complaint further alleges, in substance, that damages have not been ascertained, determined, paid, or tendered to the plaintiff, and that plaintiff will suffer great and irreparable injury if defendants are not restrained from further prosecuting the work, and is duly verified. A temporary restraining order was issued upon the complaint September 19, 1907, restraining the defendants from further entering upon, taking possession of, excavating, grading, or in any manner disturbing the lands until further order of the court.

The answer of defendant *Eastern Railway Company* admits the plaintiff's title to the land, and alleges that it had various negotiations with plaintiff and other landowners and endeavored to make a reasonable treaty with said owners, but was unable to purchase from them; that at the time of the service of the injunction defendant had wholly completed the grading and filling on the land of plaintiff; that the entry and work upon the land was done to the knowledge and ob-

servation of every one, including plaintiff, and that defendant peaccably proceeded with the building of its roadbed without interruption until September 20th. It further sets up a certificate of convenience and necessity from the Railroad Commission of Wisconsin and an approval of plans and specifications.

The answer of defendant *Great Northern Railway Company* in effect disclaims all connection with the entry upon plaintiff's land, and denies that it in any manner disturbed the same or intends to do so or build any railroad thereon.

A motion to dissolve the temporary injunction was made by defendants based upon the complaint, answer, and affidavits of R. I. Farrington and Lyman T. Powell. The affidavit of Farrington on behalf of defendants practically goes no farther than the defendants' answers, and does not show that plaintiff had any knowledge or information of the work being done, simply following the allegations of the answer to the effect that the work was done in a peaceable manner and without protest. The affidavit of Powell on behalf of plaintiff sets up specifically that plaintiff resided in Portland, Oregon, and had not been in Superior since 1906, and that affiant was in charge of the property in question for plaintiff; that he first learned of defendants' entry upon the land August 21, 1907, when the excavation was nearly finished; that he immediately wired plaintiff and received directions two days later to enjoin defendants; that he believed the work upon the land by way of excavation was then completed, and that he had no knowledge or information that they intended to do anything further until the 17th day of September, which was Saturday, when he was informed that they intended to continue the work; that he then immediately proceeded to prepare the papers to enjoin defendants.

An order was made dissolving the injunction on condition that defendants file a bond in the sum of $20,000 to indem-

nify plaintiff, and further providing that defendants might
continue the occupancy and possession of the premises and
complete the construction of the railroad, with $10 costs to
defendants.    Plaintiff appealed from this order.

For the appellant there was a brief by *Luse, Powell &
Luse,* and oral argument by *L. K. Luse.*

*J. A. Murphy,* for the respondents.

The following opinion was filed June 5, 1908:

Kerwin, J.    The permanent appropriation of land for
railway purposes is a taking within the meaning of the con-
stitution of this state, which provides that private property
shall not be taken without compensation.    The compensa-
tion must be first made or tendered.    *Sherman v. M., L. S.
& W. R. Co.* 40 Wis. 645; *Powers v. Bears,* 12 Wis. 214;
*Bohlman v. G. B. & L. P. R. Co.* 30 Wis. 105.    The only
exception to this rule under our constitution and statutes is
where the railroad company takes possession with the con-
sent, tacit or express, of the landowner.    We think this rule
is so well established in this state as to render citation of
authority unnecessary.

The first and vital question presented, therefore, is, Did
the railway company take possession of the land with the
consent of the plaintiff?    This question must be determined
upon the papers used on the motion to dissolve.    The motion
was heard on the pleadings and affidavits, which, as appears
from the statement of facts, show that no consent, tacit or
express, was given by plaintiff, but, on the contrary, that
plaintiff objected to the entry before condemnation and or-
dered injunction proceedings commenced.    The defendant
*Eastern Railway Company of Minnesota* attempts to justify
its entry upon the land under certificates of the Railroad
Commission and peaceable possession taken publicly and
without interruption, and that it had at the time the injunc-
tion was served finished its grading and was unable to make

a purchase from plaintiff, although it did succeed in purchasing most of the land necessary for its railroad.    There is no express allegation in the answer that plaintiff ever consented that defendant could take possession, or any fact showing such consent.    The affidavit of Farrington on behalf of defendant states generally that the defendant *Eastern Railway Company* has without protest from any one graded the land in question for a roadbed and is about to lay its railroad thereon; while the affidavit of Powell, used on behalf of plaintiff, sets up facts which are undisputed, to the effect that at the time of the grading plaintiff was out of the state of Wisconsin and in Portland, Oregon, and that affiant telegraphed him, and when he received answer to enjoin the grading had been finished, and that he had no knowledge or information that any further trespass would be committed or that defendants intended any further trespass until the 17th day of September, 1907, and that he then immediately took steps to restrain defendants before the laying of any railroad tracks on the land in question.    So it will be seen from an examination of the papers used on the motion that there was no consent, tacit or express, but, on the contrary, plaintiff, as soon as he had notice, objected and ordered injunction action commenced to restrain defendants from entering upon the land.    So we think the record clearly shows that there was no consent on the part of plaintiff to entry upon the premises in question.    In the absence of consent, tacit or express, we think it is well settled in this state that, without compensation first made, entry by a railroad company upon lands with intention to permanently appropriate them is unlawful and will be restrained.    *Sherman v. M., L. S. & W. R. Co.* 40 Wis. 645; *Bohlman v. G. B. & L. P. R. Co.* 30 Wis. 105; *Bigelow v. West Wis. R. Co.* 27 Wis. 478.    Under the constitution of this state the legislature has no power to authorize a railway company to take possession of and permanently occupy the lands of a private citizen without

his consent for the purpose of constructing a railroad thereon without first making or tendering compensation. *Taylor v. C., M. & St. P. R. Co.* 63 Wis. 327, 24 N. W. 84; *Frey v. D., S. S. & A. R. Co.* 91 Wis. 309, 64 N. W. 1038; *Stewart v. Milwaukee E. R. & L. Co.* 110 Wis. 540, 86 N. W. 163; *Powers v. Bears,* 12 Wis. 214; *Ford v. C. & N. W. R. Co.* 14 Wis. 609.

The broad language of sec. 1852, so much relied upon by counsel for defendants, we think cannot be construed to mean that a railroad company may take and hold possession without the consent of the landowner and without first making or tendering compensation. And it is manifest from the provisions of sec. 1850 that such was not the intention of the legislature. The latter section provides that after the making of the award the company may pay to the owners of the land taken or to the clerk of the court the amount of the award, and thereupon may enter upon, take, and use the land. This language seems to negative the idea that the land can be taken before compensation is made. Counsel for defendants cites several Wisconsin cases in support of his position, but we are unable to see that they are out of harmony with the rule that consent, express or implied, on the part of the landowner is necessary to justify a railway company in taking and occupying land before compensation is made or tendered.

In *Hanlin v. C. & N. W. R. Co.* 61 Wis. 515, 21 N. W. 623, the company had built its road on the land several years before the action was brought, and the court said (61 Wis. 521, 21 N. W. 625):

"The plaintiff ought not to be permitted to sustain this action, for the reason that the facts stated show with sufficient certainty that the defendant has acquiesced for so long a time in such taking as to amount to a tacit assent thereto, and that in such case he must resort to his proceedings under the statute to have his damages assessed for such taking, and not by an action of trespass for damages."

In *Babcock v. C. & N. W. R. Co.* 107 Wis. 280, 83 N. W. 316, the court, after referring to *Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403, 14 N. W. 273; *Frey v. D., S. S. & A. R. Co.* 91 Wis. 309, 64 N. W. 1038; *Hooe v. C., M. & St. P. R. Co.* 98 Wis. 302, 73 N. W. 787; and *Kuhl v. C. & N. W. R. Co.* 101 Wis. 42, 54, 77 N. W. 155, said (107 Wis. 282, 83 N. W. 317):

"The force and effect of sec. 1852, Stats. (1898), has become fully established to the extent that construction of its track by a railway company over the land of another, when consented to either expressly or by tacit acquiescence, irrevocably transfers from the owner to the company the permanent right of occupation for operating purposes, leaving to the former owner only the right to obtain compensation in the manner specified in that section."

*Buchner v. C., M. & N. W. R. Co.* 56 Wis. 403, 14 N. W. 273, is relied upon as being in point here, for the reason that the occupation in that case had been only a month, during which time there had been no dissent from the landowner. It will be seen, however, that the *Buchner Case* is clearly distinguishable from the instant case and not out of harmony with other cases in this court holding that consent, tacit or express, is necessary. In the *Buchner Case* the railroad was in the street and not upon plaintiff's land, and was completed when the injunction was asked for. The court said (56 Wis. 420, 14 N. W. 277):

"Contrary to an allegation in the complaint, the railway track is not laid upon the plaintiff's land. Under these circumstances a preventive injunction would seem to be inoperative. It could not properly go to restrain the defendant from running its trains, because they are not run upon the plaintiff's land. It ought not to issue to restrain the defendant from completing the restoration of the highway by graveling the same, because the public interest requires that to be done. And it would be idle to restrain the defendant from further interference with plaintiff's land, because it has no occasion to interfere further with it, unless it be to perform

the statutory duty of repairing the highway. The railroad company would probably submit complacently to an injunction restraining it from the performance of that duty."

In *Milwaukee & N. R. Co. v. Strange,* 63 Wis. 178, 182, 23 N. W. 432, it is said that the remedy by injunction is lost where the owner has by express or tacit consent permitted the company to enter.

The appellant was entitled to equitable relief. A remedy at law will not bar equitable interference where such interference would be more adequate, comprehensive, and efficient to the ends of justice and its prompt administration. *Gullickson v. Madsen,* 87 Wis. 19, 57 N. W. 965; *Miller v. Drane,* 100 Wis. 1, 75 N. W. 413. The plaintiff was entitled to the free and exclusive use of his property without restraint or unlawful interference and equity will protect him in that right. *Marshfield L. & L. Co. v. John Week L. Co.* 108 Wis. 268, 84 N. W. 434; *Powers v. Bears,* 12 Wis. 214; *Diedrichs v. N. W. U. R. Co.* 33 Wis. 219; *Church v. Joint School Dist.* 55 Wis. 399, 13 N. W. 272; *Valley I. W. Mfg. Co. v. Goodrick,* 103 Wis. 436, 78 N. W. 1096.

Nor do we think ch. 454, Laws of 1907, or the certificate of convenience and necessity issued in pursuance thereof, touches the question here. It does not purport to give a railroad company the right to take property without first making compensation therefor, even if the legislature had the power to do so, or to interfere with the rights of property owners without first making compensation under the statutes of this state and the decisions of this court.

The facts in the record respecting consent are practically undisputed, and upon such facts it is clear that there was no consent, express or tacit, to the entry by the defendants upon the land of the plaintiff. The entry by defendants was therefore unlawful, and the plaintiff was entitled as matter of right to a preliminary injunction restraining defendants from further trespassing and building their road

upon his land before making compensation.    It follows that
the order appealed from must be reversed.

*By the Court.*—The order appealed from is reversed, and
the action remanded for further proceedings according to
law and in accordance with this opinion.

MARSHALL, J., took no part.

A motion for a rehearing was denied September 29, 1908.