LUNDBERG and others, Appellants, vs. EASTERN RAILWAY COMPANY OF MINNESOTA, Respondent.

*March 31—April 20, 1909.*

*Eminent domain: Invalid condemnation proceedings: Injunction before entry: Dissolution: Appeal and error: Prejudicial error.*

Where a railroad company, acting under an invalid proceeding to condemn land for a right of way, had made no entry nor erected any structure on the land, but threatened to enter and construct a track, the owner is entitled to an injunction restraining the company from entering the land without first making compensation, and it is therefore error to dissolve a temporary restraining order on condition that the company secure the owner for the damages resulting from the entry and construction of the road. *McCord v. Eastern R. Co.* 136 Wis. 254, followed.

APPEAL from an order of the circuit court for Douglas county: A. J. VINJE, Circuit Judge. *Reversed.*

Action to enjoin defendant from threatened entry upon certain land of the plaintiffs and construction of a railroad grade and track thereon. The defendant was proceeding under the same invalid condemnation proceedings treated in *Eastern R. Co. v. McCord,* 136 Wis. 249, 116 N. W. 841, and *McCord v. Eastern R. Co.* 136 Wis. 254, 116 N. W. 845. A temporary restraining order was granted, but, upon order to show cause, was on October 12, 1907, vacated on condition that defendant give bond in an adequate sum for all damages resulting from entry and construction of the road; the date of the order varying but seven days from the date of the order considered in the *McCord Case.* From such order of vacation the plaintiffs appeal.

For the appellants there was a brief by *J. B. Arnold* and *E. A. Arnold,* and oral argument by *L. K. Luse.*

For the respondent the cause was submitted on the brief of *J. A. Murphy.*

DODGE, J. The only distinction between plaintiffs' situation and that in *McCord v. Eastern R. Co.* 136 Wis. 254, 116 N. W. 845, is that at the time of the commencement of the suit defendant had as yet made no entry and erected no structure upon the plaintiffs' land. There could, therefore, be no question of the waiver or loss of plaintiffs' right to object which might result from even tacit acquiescence in the occupation of their premises by the railroad. All the reasons which led to the conclusion in the *McCord Case* apply here and must control the result.

*By the Court.*—Order appealed from is reversed, and cause remanded for further proceedings according to law.