PEOPLE's LAND & MANUFACTURING COMPANY, Appellant, vs. BEYER, Respondent.·

*September 16—October 5, 1915.*

*Real property: Lawful use: Motive: Landlord and tenant: Agreement as to lighting: Inducing tenant to discontinue existing service: Injunction.*

1. As a general rule, whatever a man may lawfully do on his own property under any circumstances, he may do regardless of the motive for his conduct.
2. The owner of a building has a legal right to lease it on such terms as he and the tenants may agree to with reference to the lighting thereof.
3. Thus, where tenants might themselves discontinue the lighting service which was being furnished to them by one company, and the lessor might terminate their leases on short notice, he had the right to require as a condition of continuing the tenancies that the current for lighting be obtained from another company.
4. Although in such case the company which had been furnishing the service was entitled to a preliminary injunction restraining the cutting or disconnecting of its wires without notice, yet when it appeared that in so doing the new company was acting contrary to the instructions of the lessor and that there was no intention to proceed arbitrarily or without notice in the future, there was no sufficient ground for continuing the injunction in force against the lessor.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

The plaintiff is a public utility corporation engaged in the business of furnishing electric current for lighting purposes in the city of Oconto. The Oconto Electric Company is a

rival corporation engaged in the same line of business. The defendant at one time was a stockholder in the plaintiff corporation, but sold his stock in such company before the commencement of this action. The defendant, either individually or by virtue of his interest in a real-estate corporation, owned or controlled eleven buildings in the city of Oconto at the time of the commencement of this action, which were occupied by fourteen different tenants. Most of these tenants were patrons of the plaintiff corporation, in that they purchased their current for lighting purposes from such corporation. The defendant persuaded and induced the tenants to discontinue the purchase of current from the plaintiff and to buy from the rival company. The last named company was about to cut the wires of the plaintiff and connect its own wires with the buildings in question when this action was commenced for the purpose of restraining the defendant from inducing the customers of the plaintiff to withdraw their business from plaintiff, and also to restrain the defendant from interfering with the business property or electric wiring connections of the plaintiff. A temporary restraining order was issued. The defendant answered, denying most of the allegations of the complaint. The parties submitted their proofs and the court made its findings of fact and conclusions of law, wherein it was found that the tenants had the right to discontinue the plaintiff's service on reasonable notice and to purchase current elsewhere; that before the commencement of the action the defendant, entertaining hostile feelings toward Mr. Pamperin, the president of the plaintiff corporation, and because of his desire to have nothing further to do with him, interviewed his tenants and arranged that the buildings occupied by them should be lighted with electricity furnished by the rival company and that the lighting bills be rendered to the defendant and charged to the tenants to be paid with their rent; that each of the tenants, though satisfied with plaintiff's service, was willing to make

such change, and that in making such arrangement with the tenants the defendant used neither threats, coercion, misrepresentation, violence, fraud, persuasion, undue influence, or other harassing method; that such arrangement was not carried out because of the order referred to; that pursuant to such arrangement the defendant notified the rival company to install its service in said buildings and directed such company to notify the plaintiff to disconnect its wires therefrom, but such notice was not given plaintiff; that the rival company started to disconnect plaintiff's wires from one of said buildings, whereupon the preliminary order was issued and was thereafter continued in force; that immediately after the issuance of said order the work of disconnecting said wires was stopped and all of said buildings remained connected with the plaintiff's system and the injunctional order has in all respects been obeyed, and that no ground exists for the continuance of said injunctional order entitling the plaintiff to judgment for any of the relief prayed for in the complaint, except costs.

As conclusions of law the court found that the plaintiff was justified in commencing the action because it was entitled to reasonable notice of the discontinuance of its service to the defendant's buildings and reasonable opportunity to disconnect its own wires; that the defendant had the right, regardless of his motive, to negotiate with his tenants with reference to the use of electricity in said buildings, and, on reasonable notice, to have the service furnished by the plaintiff discontinued and to have the buildings lighted with electricity furnished by the rival company, and to lease his buildings on such terms as the lessor and tenants might agree to with reference to the lighting thereof.

From a judgment entered in accordance with these findings the plaintiff appeals.

For the appellant there were briefs by *Kittell & Burke,* and oral argument by *J. A. Kittell.*

For the respondent there was a brief by *Greene, Fairchild, North, Parker & McGillan,* and oral argument by *J. R. North.*

BARNES, J.   Error is assigned because the court refused to permanently enjoin defendant from interfering with plaintiff's wires until after notice to remove was given and a reasonable time in which to remove them had elapsed.

The circuit judge reached the conclusion that the Oconto Company, in proceeding to cut plaintiff's wires and discontinue its service without notice to plaintiff, was acting contrary to instructions given by defendant and that there was no purpose or design on defendant's part to proceed arbitrarily and without notice in the future, and that therefore no sufficient reason existed for continuing the preliminary injunction in force so as to require notice to plaintiff and opportunity to remove its wire connections and meters before proceeding to cut its wires.   We think the testimony sustained the conclusion reached by the circuit judge.

Plaintiff's main contention is that defendant should have been permanently enjoined from inducing or influencing persons to discontinue the use of electricity furnished by plaintiff, even though they occupied buildings owned or controlled by the defendant.

It may be assumed that plaintiff had and has a legal right to sell its current to those who desired to use it and that such a right is entitled to legal protection.   It could lawfully be interfered with, however, by one who had an equal or superior right.   *Johnson v. Ætna L. Ins. Co.* 158 Wis. 56, 147 N. W. 32.   The general rule is that whatever a man may lawfully do on his own property under any circumstances, he may do regardless of the motive for his conduct.   *Metzger v. Hochrein,* 107 Wis. 267, 270, 83 N. W. 308; *Marshfield L. & L. Co. v. John Week L. Co.* 108 Wis. 268, 84 N. W. 434; *Huber v. Merkel,* 117 Wis. 355, 94 N. W. 354.

It is conceded that the tenants might themselves discontinue the use of plaintiff's current on reasonable notice, and it was found by the court that their leases ran from month to month, so that they might be terminated on short notice. The real question is, Does the judgment permit the defendant to do things which he has no legal right to do? Defendant could legally refuse to rent his buildings if he saw fit. He might rent them with lights furnished, and we think he would be clearly within his rights in saying to a tenant that he could lease only on the condition that an obnoxious company be not permitted to convey its current into the building. It is necessary for a lighting company to send its employees into a building occasionally to examine the wiring, replace burned out fuses, and read meters. If for any reason satisfactory to himself the owner of a building does not desire to have the employees who are under the direction and control of a personal enemy doing work of this character around his building, he has a right to say to his prospective tenant that he can only lease on condition that light be procured from some other source. We have not before us the case where a tenant had a long-term lease which did not place any restriction upon him in regard to the purchase of current. The defendant was in a position where he might terminate his tenancies on short notice and insist on new leases. In fact it does appear that new agreements were made whereby the landlord was to arrange and pay for the lighting, adding the amount thereof to the tenants' rent bills. Under the facts of this case the court was right in holding that the permanent injunctive relief sought should not be granted.

Exception is taken to one of the findings of fact made by the trial court. The judgment is correct whether the finding complained of is right or wrong.

*By the Court.*—The judgment and order appealed from are affirmed.