GRAHAM, Appellant, vs. RAKOSI, Respondent.

*October 11—November 8, 1927.*

*Nuisance: Structures maliciously erected: Spite-fence statute.*

1. The mere fact that a lawful act is done with a malicious intent to injure cannot make the act a tort or a nuisance. p. 112.
2. In an action to abate a private nuisance, a complaint alleging that defendant wrongfully and maliciously erected a "certain structure" and wrongfully and maliciously maintained it for the purpose of annoying plaintiff, and that the structure completely prevented light and air from coming into plaintiff's window, is *held* insufficient, since defendant might build any structure that he saw fit, except as limited by statute,

and the complaint did not bring the case within the purview of sec. 280.08, Stats., prohibiting spite fences. [The question as to the constitutionality of sec. 280.08 not considered.] p. 112.

APPEAL from an order of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

Action by *Gustave Graham* against *Leopold Rakosi* praying for the abatement of an alleged nuisance, and damages. A demurrer to the complaint was sustained, from which order the plaintiff appeals.

For the appellant the cause was submitted on the brief of *Calvin Stewart,* attorney, and *W. E. Runge,* of counsel, both of Kenosha.

*Charles A. Lepp* of Kenosha, for the respondent.

OWEN, J. The complaint alleges that the plaintiff and defendant owned adjoining properties in the city of Kenosha, and that "in the month of November, 1926, the defendant wrongfully, wilfully, and maliciously set up and erected a certain structure, and ever since said time has maliciously and wrongfully maintained said structure for the purpose of annoying the plaintiff, and that said structure so maliciously erected and maintained by the defendant, at all of the times herein mentioned, was and is a private nuisance. That said structure so erected and maintained by the defendant as aforesaid completely obscures the light from plaintiff's window and prevents the light and air from coming into plaintiff's window, thereby rendering it close and uncomfortable, and rendering said window useless for the purpose for which it is intended."

Does the complaint state a cause of action? There is no allegation in the complaint that the structure is an unlawful one or that it constitutes any physical invasion of plaintiff's property. He seeks its abatement because it was maliciously erected and, as erected, interfered with his light, air, and view. It was the rule of the common law that whatever a man may lawfully do on his own property

under any circumstances he may do regardless of the motive for his conduct. *Metzger v. Hochrein,* 107 Wis. 267, 83 N. W. 308. In that case the abatement of a spite fence was sought and denied. That case, as well as *Loehr v. Dickson,* 141 Wis. 332, 124 N. W. 293, and *People's L. & M. Co. v. Beyer,* 161 Wis. 349, 154 N. W. 382, firmly establishes the rule in this state that malicious intent to injure cannot transpose a lawful act into a tort or nuisance, and is controlling except in so far as it may have been modified by statutory law.

In 1903, shortly after the decision of this court in the case of *Metzger v. Hochrein, supra,* the legislature, by ch. 81, enacted that "Any fence or other structure in the nature of a fence unnecessarily exceeding six feet in height, maliciously erected or maintained for the purpose of annoying the owners or occupants of adjoining property, shall be deemed a private nuisance." Plaintiff relies upon this statutory provision, which is now to be found in the statutes as sec. 280.08. Passing the question of the constitutionality of this enactment, it is apparent that the facts alleged in the complaint do not fall within the purview of that section of the statutes. The complaint speaks of "a certain structure." The structure is not described, nor is there anything in the complaint to indicate the nature thereof. Sec. 280.08 applies to any fence or other structure in the nature of a fence unnecessarily exceeding six feet in height. It does not seek to condemn as a nuisance any other structure, even though it may accomplish the same result. Inasmuch as the defendant may build such structures upon his own property as he sees fit, except as he may be limited by statutory provision, it was the duty of the plaintiff to allege in his complaint facts which brought the defendant within such statutory limitation. This he has not done, and it must be held that his complaint fails to state facts sufficient to constitute a cause of action.

*By the Court.*—Order appealed from affirmed.